## TEXAS ELECTRIC RY. v. JONES.
### (No. 8538.)

(Court of Civil Appeals of Texas. Dallas. May 28, 1921. Rehearing Denied June 18, 1921.)

**1. Damages ⟐160 — Allegation that plaintiff was "obliged" to pay held to sustain admission of evidence of reasonableness of doctor's charges; "compelled."**

An averment in a petition of a servant for injuries that plaintiff was "obliged" to pay and become liable for medicines and medical treatment in the sum of $200 was sufficient, in absence of special exception, as an averment of the reasonableness of the expenditure; the word "obliged" being synonymous with the word "compelled," which implies reasonableness.

[Ed. Note.—For other definitions, see Words and Phrases, Oblige; First and Second Series, Compel—Compelled.]

**2. Trial ⟐296(2) — Instruction on assumed risk held not to ignore negligence and contributory negligence, in view of other instructions.**

In a servant's action for injuries, an instruction which in effect charged the jury that, if plaintiff's injury was not the result of a risk ordinarily incident to his employment, he was entitled to recover, was not objectionable as ignoring the issues of negligence and contributory negligence, where other instructions preceding and following it fully and properly presented the issues claimed to be omitted; the situation not presenting a case of conflicting instructions.

**3. Damages** ⊂⊃216(8)—**Evidence held to support a charge on loss of time and diminished earning capacity.**

Where plaintiff pleaded and testified as to his wages at the time of injury, and to the length of time he was unable to work, and physicians testified as to the extent of his injuries, and their permanent effect, the allegations and evidence supported a charge as to reasonable value of time lost and diminished earning power.

Appeal from District Court, Hill County; Horton B. Porter, Judge.

Action by P. J. Jones against the Texas Electric Railway. Judgment for plaintiff, and defendant appeals. Affirmed.

Templeton, Beall, Williams & Callaway, of Dallas, and Wear & Wear, of Hillsboro, for appellant.

Morrow & Stollenwerck, of Hillsboro, for appellee.

HAMILTON, J. This is an action for damages alleged to have accrued by reason of personal injuries inflicted as a proximate result of the negligence of a section foreman acting as an employé of appellant.

Appellee alleged that in May, 1917, he was in appellant's service as a section hand, and in substance he alleged the following: While appellee and other employés of appellant were going from their place of work on appellant's road to another point thereon, and traveling on a motorcar used by appellant to transport them from place to place, the foreman, under whose orders appellant worked, ordered him and other employés to push the motorcar along the track for the purpose of starting the engine used to propel it; that while appellee was thus engaged in moving the car and walking by its side, the engine was started, and the section foreman ordered appellee to jump on the car while it was in motion; that as he attempted to get on the car in compliance with the order, the section foreman, who was operating it, negligently caused it to lurch forward and backward, and at the same time accelerated the speed; that the car was not equipped with handholds, and that the jerks caused appellee to lose his balance and fall in front of it; that, notwithstanding appellee's perilous position thus negligently caused by the section foreman, no effort was made to stop the car, and as a proximate result of the described negligence it ran over appellee's ankle and leg, dislocating and breaking the ankle, fracturing the bone in the leg, and otherwise injuring appellee. Appellant answered by general denial, and also pleaded contributory negligence and assumed risk. The trial before a jury resulted in a verdict and judgment for appellee, and appellant has appealed.

The appeal embodies assignments of error complaining of the admission of evidence to prove that doctor's bills incurred by appellee were reasonable and proper, and assailing the charge of the court relating to the feature of assumed risk, and also the charge relating to damages for loss of time from labor and for diminished capacity to work.

[1] The trial court admitted evidence to prove that the bill for the physician's services was reasonable and proper. Appellant objected to the evidence on the ground that the petition did not allege that the doctor's bill was a reasonable charge. With reference to doctor's bills and medicine the petition contained this language:

"And [plaintiff] has thereby been obliged to pay and become liable to pay for medicines and medical treatment from doctors in the sum of $200.00."

Appellant did not specially except to the petition on the ground that it contained no allegation of the reasonableness of the bills. It has been held that where the plaintiff alleged he had been compelled to incur expenses for medicine and the services of a physician, the allegation, by intendment, meant that the charges were reasonable, and, in the absence of a special exception to the pleading, was sufficient to admit evidence of the amounts paid or incurred. Railway Co. v. Duck, 69 S. W. 1028; Railway Co. v. Lee, 21 Tex. Civ. App. 174, 51 S. W. 351, 57 S. W. 573; Railway Co. v. Stuart, 48 S. W. 803. "Obliged" in the sense of its use in the appellee's petition is synonymous with "compelled" in the sense of its use in other cases above cited. We therefore think the allegations were adequate to sustain admission of the evidence, particularly since there was no special exception to the pleading suggesting its insufficiency on this feature.

[2] The charge of the court upon assumed risk was as follows:

"You are charged that when the plaintiff, P. J. Jones, entered the employ of the defendant company, if he did, he assumed all the risks ordinarily incident to such employment, if any, and if you believe that his injury, if any, was the direct and proximate result of a risk ordinarily incident to his employment, if any, you will find for the defendant, though, if you should believe from a preponderance of the evidence that his injury was not the direct and proximate result of a risk ordinarily incident to his employment, if any, you will find for the plaintiff."

Appellant takes the position that we ought to reverse the judgment because by this charge the court directed the jury to allow the whole case to turn upon the question of whether or not the injury was the result of a risk assumed by appellee, and ignored the other issues made by the pleadings and the evidence, which were those of negligence vel non and contributory negligence.

The charge as a whole comprehensively presented all features of the case to the jury.

It defined negligence, proximate cause, ordinary care, and contributory negligence in the order stated, and these definitions were followed by the paragraph relating to assumed risk, of which complaint is made. Immediately succeeding this paragraph were two others, which respectively instructed the jury as to the application of negligence and contributory negligence, which had already been defined. These sections of the charge were as follows:

"You are charged that if you believe from the evidence in the case that if in the discharge of his duties as a section hand the plaintiff undertook in the usual way, and without negligence on his part attempted to get upon the motorcar in the control and under the supervision of the section foreman Gibson, and while plaintiff was so doing said foreman negligently operated and controlled said car, caused said car to give a sudden jerk forward, and caused plaintiff to be thrown down or forward in front of said car and to be run over or against, and injured as alleged by plaintiff, then you will find in favor of plaintiff, unless you further find from the evidence that plaintiff was guilty of contributory negligence as defined in the court's charge.

"If you find and believe from a preponderance of the evidence in this case that the plaintiff was guilty of contributory negligence, as that term has been hereinbefore defined, and that as a direct and proximate result of such contributory negligence, if any, he sustained the injuries, if any, complained of, then you will return a verdict for the defendant."

We think the charge as a whole fairly applied the law, and instructed the jury with sufficient clearness, balance, and accuracy as to the rules of law applicable to all the issues of the case. The charge must be considered as a whole, and all of its parts should be taken together in undertaking to determine whether or not the complaining party was prejudiced by it.

"Where an instruction, taken as a whole, fairly and properly expresses the law applicable to the case, no just ground for complaint exists, even though an isolated or detached clause or expression is in itself inaccurate or incomplete." Hartsfield v. Pace, 189 Ky. 93, 224 S. W. 647; Pierce v. Schram, 53 S. W. 716; T. & N. O. Ry. Co. v. Pearson, 224 S. W. 709; Railway Co. v. Walters, 80 S. W. 669.

The question here presented is not to be confused with that sometimes arising from the error of the court in giving conflicting charges upon the same particular issue. In such instances of contradictory charges upon one feature the jury is left to apply either charge, and, even if one be correct, the courts are compelled to review the action, because in such cases it cannot be said that the jury applied the correct charge, rather than the conflicting erroneous one. But no such question of conflict of charges is present in this case, and therefore those decisions relating to it are not in point and have no application.

[3] The objection to the charge assigned with reference to damages for loss of time and for diminished capacity to labor is based upon the proposition that there was no evidence either as to what was the reasonable value of time lost or as to the extent of diminished capacity to labor in the future; and the further proposition is advanced that the charge was in this respect unwarranted and improper, because the petition contained no allegation of the reasonable value of time lost.

Both the petition and appellee's evidence were to the effect that at the time he was injured he was a strong, healthy man, about 50 years old, capable of earning a certain daily wage by manual labor, and that he was then earning it; that after the injuries were received he was incapacitated from doing any work at all until five or six months had passed, and that during this period he lost $1.40 each day, because that was the amount he was receiving when he was injured and thereby completely incapacitated from doing any work during this period. He testified that his ankle still pained him and was stiff, and that his leg hurt constantly, and he gave testimony in detail clearly showing a condition calculated to lessen his capacity to work. His testimony that he was regularly earning a given wage when he was injured, considered in connection with his testimony showing how long after the accident he could perform no work at all, was to be taken by the jury as proof of the reasonable value of lost time. The reasonable value of lost time in the particular instance could be determined by no standard of greater accuracy than that supplied by an ascertainment of what appellee was earning immediately preceding the injuries, in view of the uncontradicted proof that he was an unskilled laborer, dependent entirely upon manual work. The physicians who treated him gave evidence as to the extent of the injuries and suffering totally incapacitating him for a period, and they also testified that the injuries were permanent, and that the injured members would never be sound again. The allegations and the evidence, to say the least, were sufficient to supply a basis of damages for loss of time and for diminished capacity to labor in the future, and hence it was proper for the court to charge the jury that in estimating the amount of damages, if any, they might consider, among other elements of damage, the reasonable value of time lost on account of the injuries, and also appellee's diminished capacity, if any, to labor and earn money in the future.

We are unable to say that any error is presented to justify reversing the judgment, and it is affirmed.