**NEELEY et al. v. CULLEN et al.  (No. 2576.)**

(Court of Civil Appeals of Texas. Texarkana. June 8, 1922. Rehearing Denied June 15, 1922.)

Negligence ⊕⇒62(2)—Automobile driver's negligence, frightening horse, injuring child, held proximate cause of injury.

The negligence of defendants, in backing their automobile into a horse and buggy on a public road, thereby frightening the horse, causing it to run away into a yard and over a child playing there, *held* the proximate cause of the child's injury.

Appeal from District Court, Hunt County; Geo. B. Hall, Judge.

Action by Artie F. Cullen and another against F. I. Neeley and another. Judgment for plaintiffs, and defendants appeal. Affirmed.

Thos. W. Thompson, of Greenville, for appellants.

Clark & Sweeton, of Greenville, for appellees.

WILLSON, C. J. The suit was by appellee Artie F. Cullen and his daughter Irene Cullen, a minor, against appellants F. I. Neeley and J. B. Herriman. The trial was before the court without a jury. The appeal is from a judgment for $1,000 in favor of the father and for $250 in favor of the daughter.

By the first of the two assignments in their brief appellants attack as erroneous the action of the court in overruling their general demurrer to the petition on the ground that it appeared from the allegations therein that the negligence charged against them was not the proximate cause of injury to the person of Irene, on which the suit was predicated. The allegations in the petition, briefly stated, were that appellants as partners, on June 1, 1920, were engaged in the business of transporting passengers and freight by automobiles in Greenville and territory around that city; that an employé of appellants in charge of one of their automobiles, having stopped same in a public road, suddenly and rapidly, and without signaling or in any way giving warning he was going to do so, backed same against a horse and buggy one Waters was driving on said road, thereby frightening the horse, causing him to break loose from the buggy and to run away; that the horse ran until he reached a public street in Greenville, and then along same to appellees' home on the street, where, leaving the street, he ran into appellees' yard and over Irene, who was playing there, injuring her.

The argument in support of the contention is that it appeared from the allegations that injury to the child was not a natural and probable result of the negligence of appellants' employé, but was a result which reasonably could not have been anticipated, and that the case made by the petition therefore was within the rule recognized and applied in Seale v. Railway Co., 65 Tex. 274, 57 Am. Rep. 602, Railway Co. v. Bigham, 90 Tex. 223, 38 S. W. 162, and other cases unlike this one in their facts, which appellants cite. The contention is overruled. It was not unnatural that a horse should be frightened by

an automobile suddenly run against him, nor improbable, if so frightened, he would run away, nor was it unreasonable to expect if he did run away he might injure some one in his pathway. City of Forth Worth v. Patterson (Tex. Civ. App.) 196 S. W. 251; Carsey v. Hawkins (Tex. Civ. App.) 165 S. W. 64; Phillips v. Dewald, 79 Ga. 732, 7 S. E. 151, 11 Am. St. Rep. 458; Billman v. Railway Co., 76 Ind. 166, 40 Am. Rep. 230; McDonald v. Snelling, 14 Allen (Mass.) 290, 92 Am. Dec. 769.

By their other assignment appellants attack the judgment as unauthorized because, they say, "there was no evidence sufficient to show that any negligence charged in the petition was a proximate cause" of the injury to the child. This contention also is overruled. The testimony amply supported the allegations in the petition, which we have just determined was not obnoxious to the objection that it appeared that the negligence alleged was not a proximate cause of the injury complained of.

There is no error in the judgment. Therefore it is affirmed.