## BULL–STEWART EQUIPMENT CO. v. MYERS.
### No. 3471.

Court of Civil Appeals of Texas. El Paso.

Feb. 4, 1937.

Rehearing Denied March 11, 1937.

Fahey & Cooper, of Houston (Frank G. Dyer, of Houston, of counsel), for appellant.

Allen, Helm & Jacobs, all of Houston (W. S. Jacobs, Jr., of Houston, of counsel), for appellee.

HIGGINS, Justice.

This suit was brought by Myers to recover damages for personal injuries sustained in a collision between a car in which he was riding as guest and a truck owned by appellant and driven by its employee in the course of the employee's employment. Upon special issues the defendant was found guilty of actionable negligence and his damages assessed as follows:

(1) For time lost up to the date of the trial, $441.24.

(2) As the present cash value of such sum or sums of money as the plaintiff Myers would in reasonable probability lose in the future because of diminished capacity to work and earn money in the future as a direct result of his injuries, the jury assessed $5,000.

(3) For physical and mental pain to the date of trial nothing was allowed.

(4) For physical and mental pain in the future nothing was allowed.

(5) For doctor's service $200 was allowed.

(6) For hospital services $51.30 was allowed.

Appellant complains of the failure of the court to define the phrase "present cash value" as used in the issue relating to diminished capacity to work and earn money in the future.

242

It was not necessary to define the same. It was so held in Houston B. & T. R. Co. v. Davis (Tex.Civ.App.) 19 S.W.(2d) 77, in which a writ of error was refused.

It is also insisted the evidence is insufficient to show any diminished future earning capacity, and in any event the award of $5,000 therefor is excessive, and so much so as to show passion and prejudice on the part of the jury in awarding such sum.

■ The testimony has been examined, and it was amply sufficient to raise the issue. It may be the sum awarded was liberal, but there is nothing to indicate the jury was prompted in so doing by passion or prejudice. The evidence plainly shows the plaintiff was seriously and painfully injured, and still suffers pain in his head, chest, and lower back. The evidence would have supported the award of substantial damages for past and future pain, but no damages therefor were allowed. This would indicate the jury was not prompted by passion or prejudice in the award of $5,000 damages for diminished earning capacity. As heretofore stated, it may be the sum awarded as such damages is perhaps liberal, but it cannot be regarded as showing passion or prejudice, nor even so excessive as to require a remittitur.

The finding upon the issue will not be disturbed.

Affirmed.