**BURLINGTON–ROCK ISLAND R. CO. v. ELLISON et al.**

No. 2160.

Court of Civil Appeals of Texas. Waco.

Oct. 19, 1939.

Rehearing Denied Dec. 21, 1939.

Thompson & Barwise and Luther Hudson, all of Ft. Worth, and Bennett & Bennett, of Normangee, for appellant.

Dean & Dean, of Navasota, for appellees.

GALLAGHER, Chief Justice.

This suit was instituted by the surviving sons and daughters of W. L. Ellison, all of whom were adults, to recover against Burlington-Rock Island Railroad Company, a corporation, damages alleged to have been suffered by them by reason of the death of their said father, which death they alleged resulted from the negligence of the agents, servants and employees of said Railroad in operating one of its trains through the city of Normangee. The parties will be designated as in the trial court. The cause was submitted on special issues, in response to which the jury found, in substance, that defendant's employees were negligent in the operation of such train and that such negligence was the proximate cause of the death of said W. L. Ellison. The jury found that plaintiffs had suffered damages on account of the death of their said father in the sum of $4000, and as instructed by the court, apportioned such damage among the plaintiffs severally. The court entered judgment on the verdict in favor of plain-

tiff W. N. Ellison for the sum of $1000 and in favor of plaintiff Bulah Ellison for the sum of $1500, being the amounts apportioned by the jury to them respectively. In that connection, the court held that the findings of the jury awarding damages to each of the other plaintiffs were without support in the evidence, set such findings aside and entered judgment that said plaintiffs take nothing herein. None of said plaintiffs complain of such action in the trial court nor do any of them complain thereof in this court.

The defendant presents an assignment in which it contends that the court erred in submitting the measure of damages. Said issue was submitted in the following language: "What sum of money, if paid now in cash, do you find from a preponderance of the evidence will fairly and reasonably compensate plaintiffs for the pecuniary damages sustained by them as a direct and proximate result of the death of W. L. Ellison, if any * * * In answering the above question you will take into consideration the value of any money or thing of value, if any, which you find from a preponderance of the evidence that W. L. Ellison would reasonably have contributed to the plaintiffs during the remainder of his lifetime." Defendant objected to said issue as submitted on the ground, among others, that the same did not affirmatively exclude from the consideration of the jury in awarding damages, mental suffering, grief and anguish suffered by plaintiffs and loss of the society and companionship of the deceased, and requested the court to affirmatively instruct the jury that they must not consider the same nor allow anything therefor. The court overruled such objection and failed to instruct the jury to exclude such elements in determining the amount of damages suffered by plaintiffs.

 In an action for wrongful death it is important that the jury should not only be charged to allow a recovery for proper elements of damage, but should be instructed also to exclude elements for which no recovery can legally be had. If objection is made to the charge upon the ground that such elements are not excluded, the defendant is not required to request further instructions excluding them. 33 Tex.Jur., p. 214, sec. 130. Such an objection was made by the defendant in this case and such exclusion was requested. The court did instruct the jury that they, in determining the amount of damages, if any, recoverable, should take into consideration money or any other thing of value which the deceased would reasonably have contributed to plaintiffs during the remainder of his life, but did not tell them that they could not consider anything else. The failure of the court in actions for wrongful death, on proper objection or request by the defendant, to affirmatively exclude, in some appropriate way, any compensation for sorrow, grief, loss of companionship, etc., suffered by the plaintiffs, has been frequently held to constitute reversible error. Gulf, C. & S. F. Ry. Co. v. Farmer, 102 Tex. 235, par. 3, 115 S.W. 260; Hines v. Kelley, Tex.Com.App., 252 S.W. 1033, pars. 1 to 3; Houston & T. C. R. Co. v. Gant, Tex.Civ.App., 175 S.W. 745; Gulf States Utilities Co. v. Dillon, Tex.Civ.App., 112 S.W.2d 752, 753, pars. 1 to 3, and authorities there cited; Dallas Railway & Terminal Co. v. Boland, Tex.Civ.App., 53 S.W.2d 158, 160, pars. 3 and 4, and authorities there cited.

All the other assignments presented by appellant assail the findings of the jury on issues of fact and discussion of the same would necessarily involve, to a greater or less extent, comment upon the weight of the evidence. Since the cause will be remanded for another trial, such discussion is omitted.

The judgment of the trial court denying Jack Ellison, Fred Ellison and Mrs. Lessie Snow any recovery herein is affirmed. Otherwise said judgment is reversed and the cause remanded.