## NEHI BOTTLING CO. v. PATTON.
### No. 10987.

Court of Civil Appeals of Texas. Galveston.
June 6, 1940.

Rehearing Denied Aug. 1, 1940.

Battaile & Burr, of Houston, for appellant.

Lewis & Ingram, of Houston, for appellee.

GRAVES, Justice.

This statement, adopted by the appellee as being correct, is taken from appellant's brief: "This suit was brought in the district court of Harris County by the plaintiff (appellee) to recover damages from the defendant for injuries alleged to have resulted from her drinking of the contents of a 'Royal Crown R. C. Cola' bottle, allegedly delivered to one Phillip Ciulla, a retailer of groceries and soft drinks, by the defendant and purchased by the plaintiff from said Ciulla. The case was tried before a jury on special is-

sues and on June 5, 1939, after overruling defendant's motions for judgment non obstante veredicto and that the jury's findings in response to the special issues be disregarded, the Court, upon motion of plaintiff, entered judgment on the verdict in favor of plaintiff and against defendant for the sum of $3,000.00, to which action defendant duly excepted. On June 14, 1939, defendant filed its original motion for new trial, and on July 1, 1939, its amended motion, which was on July 7, 1939, duly presented to the Court and by the Court overruled, to which action of the Court defendant duly excepted, and on the same day in open court gave notice of appeal to this Honorable Court of Civil Appeals."

Inveighing here against the judgment so rendered, appellant's first proposition is this: "Since the evidence raises the issue that at least part of the plaintiff's physical pain and suffering, if any, and her lost or diminished capacity to work and earn money, if any, and her doctor and medical bills, if any, were attributable to some liver trouble which existed prior to June 15, 1937, the date of plaintiff's alleged injuries, the trial court should have instructed the jury in connection with special issue No. 13 relating to damages not to consider nor allow plaintiff anything for physical pain and suffering, nor for lost or diminished capacity to work and earn money, nor for doctor and medical bills, because of so much of the stomach and digestive ailments that plaintiff had, if any, which were not an aggravation by her drinking of the contents of the bottle in question, in view of the record showing that defendant duly objected and excepted to said issue because of the absence of such instruction, and duly requested the submission of such instruction to the jury."

The trial court's special issue No. 13, so referred to in the quoted proposition, together with the jury's seriatim answers to the inquiries contained, were these:

"Special Issue No. 13. What sum of money, if any, do you find from a preponderance of the evidence, if paid now, in cash to the plaintiff, Gladys Patton, will fairly and adequately compensate her for the injuries, if any, received by her on the occasion in question, directly and proximately resulting from drinking of the contents of the bottle of Royal Crown RC

Cola, in question, taking into consideration the following elements of damage, if any you find, and none other." Answer: "$3,000.00."

"A. Physical pain and suffering to the plaintiff, therefrom, if any, from the 15th of June, 1937, down to the date of this trial." Answer: "Physical suffering, $1500.00."

"B. The reasonable value of plaintiff's lost or diminished capacity to work and earn money therefrom, if any, from June 15th, 1937, down to the date of this trial." Answer: "Diminished capacity, $1000.-00."

"C. The reasonable value of necessary Doctor bills and medical bills incurred by the plaintiff therefrom, if any, from June 15, 1937, down to the date of this trial." Answer: "Doctor bills, $500.00."

"You will answer this issue by stating the amount in dollars and cents, if any, separately as to the above items, if any."

The appellant's objection to such issue as given, together with its own requested special issue No. 1, for submission in connection with it, was as follows:

"Defendant objects and excepts to special issue No. 13 because the evidence raises the issue that at least part, if not all, of the plaintiff's physical pain and suffering, if any, and her lost or diminished capacity to work and earn money, if any, and her doctor and medical bills, if any, were attributable to some liver trouble which existed prior to June 15th, 1937, and the Court should instruct the jury in connection with special issue number thirteen not to consider nor allow anything for physical pain and suffering, nor for lost or diminished capacity to work and earn money, nor for doctor and medical bills, because of so much of the stomach and digestive ailments that plaintiff had which were not an aggravation by her drinking of the contents of the bottle in question; and such instruction is here and now requested."

"You are instructed in connection with this special issue No. 13 not to consider nor allow anything for physical pain and suffering, nor for lost or diminished capacity to work and earn money, nor for doctor and medical bills, because of so much of the stomach and digestive ailments, if any, that plaintiff had which was not an aggravation by her drinking of the contents of the bottle in question."

The learned trial court both overruled the stated objection, and refused the requested special instruction.

This court has carefully examined the evidence relating to that feature of the cause, and finds, without undertaking either to detail or to make a résumé thereof, that it does, as the quoted proposition asserts, at least raise an issue-of-fact over whether or not some portions of the appellee's pain and suffering, as well as of her lost or diminished earning capacity, and her medical expenses, thus found by the jury to have resulted to her, were each reasonably attributable to an old liver-trouble which she had been afflicted with prior to June 15, 1937, the date on which she was found, under other issues submitted, to have drunk a portion of the bottle containing "Royal Crown 'RC' Cola"; indeed, it is not this court's understanding that the appellee herself seriously contends the evidence did not raise such an issue, her answer to the quoted proposition being based upon other considerations—the main one being this: "Since the court charged the jury in special issue No. 13, to take into consideration certain legitimate facts, which go to her injury, and stated to the jury that they should take into consideration these facts, and *none other*, the court so limited the recovery that it would be impossible for the jury to take into consideration any fact which was not a legitimate ground for recovery."

Wherefore, upon a practically uncontroverted record in so far as constituting a predicate for it is concerned, the question is thus posed for this court as to whether the trial court erred in the circumstances, either in not heeding such objection, or in not appending such request, to special issue No. 13.

Upon consideration of the question, it is determined that the Supreme Court's very recent refusal of a writ of error in Texas Coca Cola Bottling Co. v. Lovejoy, 138 S.W.2d 254, by the Eastland Court of Civil Appeals, with a divided bench, has already foreclosed the inquiry in appellant's favor, upon a state of facts not in legal effect different from those so existing here.

This precise question was also fully discussed and determined the same way by the Eastland court in its preceding holding in Pedigo & Pedigo v. Croom, Tex. Civ.App., 37 S.W.2d 1074, writ of error

likewise refused; the Supreme Court itself had, slightly before its refusal of the writ in the Lovejoy case, made a similar holding, on analogous facts, in Dallas Ry. v. Ector, 131 Tex. 505, 116 S.W.2d 683. There are a number of other appellate-decisions of like purport, but it is deemed surplusage to cite them here.

■ ■ As this court interprets them, the gist of the authoritative holdings in the cases cited, supra, upon substantially this same question, is to the effect that, in such an instance, where the plaintiff, as this one did, sues alone for damages for personal injuries flowing from the negligence of the defendant (in this instance being responsible for this appellee's drinking the injurious contents of the bottle of Coca Cola), and where, as defensive matter, the defendant adduces evidence tending to show that the injuries so declared upon might in fact have also flowed to some extent from a pre-existing physical infirmity of the plaintiff, the latter constitutes an improper element of damages; that, as such, it is neither a part of the declared-upon cause of action, nor indeed of the defense thereto, hence is not a material issue for submission to the jury; but that, since the evidence, though without express pleading thereof, tends to show that, potentially, at any rate, the injuries flowing from the prior infirmity and those from the negligence of the defendant have become so closely connected and intermingled that the jury might become confused and allow some damage for the improper element of prior infirmity, such element should be excluded in the manner directed by the Ector and Pedigo cases, supra; that is, such improper element must be expressly excluded, and, to quote from the Ector opinion, 116 S.W.2d at page 685, column 1: "* * * the trial court should affirmatively charge the jury that plaintiff is entitled to recover only to the extent that his injuries were aggravated by the defendant's negligence."

It is true that, as in the Lovejoy case, this jury found, in answer to special issue No. 12, that the appellee's physical ailments were not due solely to disease existing prior to June 15 of 1937; but the Supreme Court there held that such a finding [138 S.W.2d 254] "does not constitute a cure for the matter here complained of"—to-wit, the injection of injuries caused by pre-existing disease with those proximately resulting from appellant's alleged negligence.

Neither does the inclusion by the trial court, in special issue No. 13, of the phrase, "and none other", so relied upon by the appellee, separate the wheat from the chaff here—in that, it does not split any one of these three given elements into the two constituent parts all are susceptible of being composed of, under the evidence referred to.

It follows from these conclusions that the judgment should be reversed and the cause remanded for another trial; since the other questions discussed in the briefs may not again arise, they will not be further disposed of.

Reversed and remanded.