## STAYTON et al. v. RODRIGUEZ.

### No. 11031.

Court of Civil Appeals of Texas. Galveston.

Oct. 24, 1940.

M. R. Irion and Frank Cain, both of Dallas, for appellants.

A. B. Gerland and C. H. Chernosky, both of Houston, for appellee.

GRAVES, Justice.

This appeal is from a judgment of the 61st District Court of Harris County overruling the pleas of privilege of J. W. and Alton Stayton to be sued in Chambers County where they resided, in cause No. 260,093, styled Alifonza Rodriguez · vs. J. W. Stayton et al. in the District Court of Harris County, wherein they had been sued along with H. F. Stayton, a resident of Harris County, pursuant to Subsections 4 and 29a of Article 1995, Revised Civil Statutes of 1925, Vernon's Ann.Civ.St. Art. 1995, subds. 4, 29a.

The subject matter of such cause No. 260,093 in the Harris County District Court was an .action by Alifonza Rodriguez against the three named Staytons, as brothers, two of whom owned a commercial truck line called "Stayton Truck Line", for damages for injuries to herself as a result of Jose Contreras' truck, in which she was then riding, having been run over by one of the Stayton trucks, driven by Alton Stayton, as agent and employee of the other brothers as its owners, on July 15, 1939, while both trucks were proceeding along the highway about one and one-half miles west of Wharton in Wharton County, Texas.

The plaintiff in that suit alleged many grounds of negligence by the defendants and especially by Alton Stayton as having each and all been a proximate cause of the accident and resulting damages to herself complained of, including these:

"(a) That Alton Stayton immediately before and at the time he drove said truck against Jose Contreras' said truck and in so overtaking Contreras' said truck and negligently and carelessly and in violation of the law, then and there failed in not driving to the right until said road was reasonably clear of Contreras' said truck.

"(b) That defendant, Alton Stayton, immediately before and at the time he drove

said truck against Jose Contreras' said truck negligently, carelessly and in violation of the laws of the State of Texas drove said truck at a reckless, excessive and dangerous rate of speed in excess of 50 miles per hour.

"(c) That Alton Stayton immediately before and at the time of said collision under all of the facts and circumstances then existing, negligently and carelessly operated said truck at an excessive and negligent speed as to endanger plaintiff's life and the lives of other occupants of Contreras' said truck.

"(d) That immediately before said collision Jose Contreras' said automobile and the said third automobile hereinbefore mentioned and the driver who is unknown to plaintiff, were passing each other in opposite directions and said two vehicles had the right of way at said point under the law and defendant, Alton Stayton, at said time was to the rear of Contreras' said truck and that the defendant, Alton Stayton, at said time mentioned, negligently, carelessly and in violation of the law, attempted at said time mentioned to pass said two vehicles, that is Jose Contreras' said truck and said third car mentioned.

"(e) That Alton Stayton in so overtaking and attempting to pass Contreras' truck, then and there negligently, carelessly and in violation of the law, failed to give such assistance to the plaintiff, or to Jose Contreras, as the circumstances then reasonably demanded of the defendant, Alton Stayton, in order to obtain clearance and avoid striking Jose Contreras' said automobile as aforesaid.

"(f) That Alton Stayton in so approaching and overtaking Jose Contreras' vehicle, then and there negligently, carelessly and in violation of the law, failed to sound audible and suitable signal to inform the plaintiff, Jose Contreras, of his said approach and attempt to pass."

The appellants' pleas of privilege, so presented, were duly filed and in statutory form; the appellee filed her controverting affidavit, likewise in due time and form, and repeated all of her stated averments, attaching thereto a copy of her petition in that cause.

The trial court heard the pleas of privilege and the controverting plea, received evidence, and arguments of counsel thereon, and overruled the pleas of privilege upon the issues so joined by the parties.

In this court the appellants freely conceded, to quote the language of their brief, "that there was sufficient proof offered and accepted in evidence to prove each of these elements of a cause of action except the element of negligence", but with much earnestness they further contend "that there was no evidence, offered and accepted by the court, upon which the trial court could have predicated a finding of negligence against Alton Stayton."

This court, after a painstaking examination of the statement of facts, including an invited consideration of the physical and geographical scenes therein described and dealt with, is unable to see eye to eye with the appellants, concluding rather that the learned trial court was correct in holding the evidence to show a probable case of negligence against Alton Stayton, the driver for and employee of the other Staytons.

It is true that the evidence was circumstantial in large measure—probably due in part at least to the trial court's refusal to permit Jose Contreras to testify to the speed of appellants' truck just prior to the collision—but that fact in no wise militates against its admissibility and potency as proof; indeed, when all the circumstances adduced by the witnesses for the appellee are considered, it seems plain to this court that the trial court was authorized if not required to find that appellants' driver, at an unlawful speed, dashed up behind and ran into Jose Contreras' truck, in which this appellee was riding, and, as he himself testified, "tore it to pieces", when Contreras was properly moving along upon his own right-hand side of the highway at a moderate speed of twenty-five miles per hour, being otherwise in exercise of due care upon his part, as this appellee was also upon hers, and that the impact so precipitated upon him from the rear by the appellants' truck threw his car—and the appellee within it—with great force around at an angle of about 45 degrees from the direction in which he had been going and across the highway itself and into the near middle of a railroad right-of-way, through a wire fence, perhaps 100 feet in distance; there were many other contributing details of the proof that clearly furnished proper basis for a legitimate inference upon the court's part that such unlawful speed, and such lack of care in the face of unusual conditions, was so visited upon the appellee

by the appellants' driver; as one of these incidents, it was shown that almost simultaneously with the attempt of the appellants' truck to pass the one in which the appellee was so riding, there had been a third truck passing well-nigh abreast of the appellants' and Jose Contreras' trucks, but going in the opposite direction along the highway, thereby creating a dangerous situation.

It would serve no useful purpose to detail the testimony, since it is this court's conclusion from it as an entirety that the controlling ones at least of the quoted allegations of negligence against the appellants and their driver, Alton Stayton, were established to the full measure required by such holdings as those in: Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91; Sisco v. Sklar, Tex.Civ.App., 113 S.W.2d 999, and Farmer v. Williamson et al., Tex.Civ. App., 131 S.W.2d 973.

Pursuant to these conclusions, the judgment will be affirmed.

Affirmed.