## STAYTON et al. v. CONTRERAS.
### No. 11149.

Court of Civil Appeals of Texas. Galveston, March 13, 1941.

Rehearing Denied May 1, 1941.

M. R. Irion, of Dallas, for appellants.

A. B. Gerland and C. H. Chernosky, both of Houston, for appellee.

GRAVES, Justice.

This appeal is from a $1,000 judgment in favor of the appellee against appellants, entered by the 113th District Court of Harris County, after a final trial on the merits, both upon a jury's verdict in response to special issues submitted and independent findings of the court itself from the evidence, as for damages for personal injuries and medical expenses resulting to the appellee from a collision between his own truck and the truck of appellants near Wharton, Texas, on July 15 of 1939, found by the court and jury to have been caused by the negligence of appellants.

The cause on the trial court's docket was No. 260,092, styled Jose Contreras v. J. W. Stayton et al., and was interlocutorily brought to and decided by this court on appellants' pleas of privilege only on October 24 of 1940, as reflected in 144 S.W.2d 326; as indicated, the present appeal is from a final judgment below, after a trial there upon the merits of the controversy.

Since the general nature of the cause was rather fully stated upon the prior disposition of the pleas of privilege, that recitation is referred to without further elaboration now.

Inveighing here against the determination so adverse to them below, the appellants present seven propositions of law, the gist of which, seriatim, is as follows:

(1) Appellee's expert witness, Dr. Ross, who examined appellee solely for the purpose of testifying and not of treating him, was not qualified "to testify as to the injuries previously suffered by the appellee, nor give his opinion as to the extent of disability suffered by the appellee, nor to give a prognosis as to such injury", because his testimony was based partly on what the appellee had told him, and partly on objective symptoms observed by him upon his examination;

(2) The trial court erred in refusing to include in his charge to the jury a specially-requested charge of appellants to the effect that the jury, in arriving at any amount of damages they might find in appellee's favor, should not take into consideration any of his injuries they believed from the evidence to have been simulated;

(3) The court likewise erred in refusing appellants' request that the jury be charged not to consider the "organic troubles and infected teeth, causing a neurotic condition", appellants' witness, Dr. Sherrill, undisputedly showed by his testimony that the appellee had been suffering from at the time of this collision;

(4) The court's refusal, on appellants' request, to define the term "proper lookout", as used in its charge, was reversible error, which was aggravated by its further limiting the inquiry to whether appellee failed to keep a proper lookout "for vehicles that might be approaching him from the rear going in his direction", over appellants' objection to such limitation;

(5) The court erred in failing to define the term "sole proximate cause", over appellants' exception, after having given its special issues Nos. 19–21, inclusive, inquiring whether the hydraulic brakes on appellants' truck had failed immediately following the collision, and, if so, whether they had constituted either a "new and independent cause", or the "sole proximate cause", of the appellee's injuries;

(6) The court reversibly erred in specifying in special issue No. 22 that the jury might take into consideration, in arriving at the amount of damages it might award appellee, such loss of future earnings as he might suffer for six months beyond the trial as a result of his injuries, when there was no evidence showing or tending to

show that he had any probability whatever of future employment;

(7) Since appellee "was the only witness who testified that he received any injuries as the result of the accident in question, and no issue was submitted to the jury as to whether or not he received any injuries as the result of said accident, and no finding was made thereon, there was no basis for a judgment for the appellee."

It will be noted from these presentments that no attack is therein made upon any of the jury's findings upon the special issues submitted, as being without sufficient support in the testimony; those findings must, therefore, be accepted on appeal as having established the facts found thereby.

The material substance of those issues and of the jury's findings thereon may be thus stated:

"No. 1.

"Do you find from a preponderance of the evidence that immediately prior to the collision in question the defendant, Alton Stayton, was driving his truck at a rate of speed in excess of forty miles per hour?

"Answer: 'Yes'.

"No. 2.

"If you have answered the next preceding special issue 'Yes', and only in that event, then answer this issue:

"Do you find from a preponderance of the evidence that the driving of said truck in excess of 40 miles an hour, if such you have found, was a proximate cause, as that term is herein defined, of the collision in question?

"Answer: 'Yes'.

"No. 3.

"Do you find from a preponderance of the evidence that immediately prior to the collision in question the defendant, Alton Stayton, was operating his truck at an excessive rate of speed?

"Answer: 'Yes'.

"No. 4.

"If you have answered the next preceding special issue 'Yes', and only in that event, then answer this issue:

"Do you find from a preponderance of the evidence that such driving of said truck at an excessive rate of speed, if any such you have found, was negligence, as that term is herein defined?

"Answer: 'Yes'.

"No. 5.

"If you have answered the next preceding special issue 'Yes', and only in that event, then answer this issue:

"Do you find from a preponderance of the evidence that such negligence, if any, was a proximate cause, as that term is herein defined, of the collision in question?

"Answer: 'Yes'.

"No. 6.

"Do you find from a preponderance of the evidence that immediately prior to the collision in question the defendant, Alton Stayton, failed to have the truck he was driving under such control as would have been exercised over said truck by a person of ordinary prudence in the exercise of ordinary care, under the same or similar circumstances?

"Answer: 'Yes'.

"No. 7.

"If you have answered the next preceding special issue 'Yes', and only in that event, then answer this issue:

"Do you find from a preponderance of the evidence that such failure, if any you have found, was a proximate cause, as that term is herein defined, of the collision in question?

"Answer: 'Yes'.

"No. 8.

"Do you find from a preponderance of the evidence that the collision in question was not an unavoidable accident?

"You are instructed that an unavoidable accident is an accident occurring without fault, or negligence, of either party to said accident, proximately causing the accident to occur.

"Answer: 'This accident could have been avoided.'

"No. 9.

"Do you find from a preponderance of the evidence that just before the collision occurred Jose Contreras reduced the speed of his truck?

"Answer: 'No'.

"No. 11.

"Do you find from a preponderance of the evidence that the plaintiff, Jose Contreras, just before the accident in question reduced the speed of the truck he was driving without giving a signal of his intention so to do?

"Answer: 'No'.

"No. 13.

"Do you find from a preponderance of the evidence that just before the accident in question the plaintiff, Jose Contreras, failed to keep a proper lookout for vehicles that might be approaching him from the rear going in his direction?

"Answer: 'No'.

"No. 16.

"Do you find from a preponderance of the evidence that the manner in which Jose Contreras handled his truck just before the collision in question created a sudden emergency?

"Answer: 'No'.

"No. 19.

"Do you find from a preponderance of the evidence that immediately following the collision the hydraulic brakes on defendants' truck failed?

"Answer: 'Yes'.

"No. 20.

"If you have answered the next preceding special issue 'Yes', and only in that event, then answer this issue:

"Do you find from a preponderance of the evidence that the failure, if any, of the hydraulic brakes on defendants' truck at the time of and immediately following the collision in question was a new and independent cause, as that term is herein defined, of the injuries, if any, received by Jose Contreras at the time and on the occasion in question?

"Answer: 'No',

"No. 21.

"If you have answered special issue No. 19 'Yes', and only in that event, then answer this issue:

"Do you find from a preponderance of the evidence that the failure, if any, of the hydraulic brakes on defendants' truck, as inquired about in said issue No. 19, was the sole proximate cause, as that term is herein defined, of the injuries, if any, suffered by Jose Contreras?

"Answer: 'No'.

"No. 22.

"What sum of money, if any, if paid now in cash, do you find from a preponderance of the evidence will fairly and reasonably compensate the plaintiff, Jose Contreras, for his injuries, if any, sustained on the occasion in question, directly and proximately caused by the negligence, if any, of the defendants, taking into consideration the following elements of damage, and none other:

"1. Lost earnings, if any, from the date of the accident down to the date of this trial.

"2. Physical pain and suffering, if any, from the date of the accident down to the date of this trial.

"3. Such loss of earnings, if any, as you may believe in reasonable probability he will suffer in the future beyond the date of this trial, for a period not exceeding six months from and after the date of February 12, 1940.

"4. Such physical pain and suffering, if any, as you may believe in reasonable probability he will suffer in the future beyond the date of this trial, for a period not exceeding six months from and after the date of February 12, 1940.

"5. Doctor's bills, if any, reasonably and necessarily incurred as a result of the injuries, if any, sustained in the collision in question."

A careful review of the record discloses further that the controlling issue of fact between the parties on the trial was whether or not the appellants' truck, while travelling at a negligent and excessive speed, as well as out of control of its driver, ran into the appellee's truck while the latter was driving on his own side of the highway at a proper rate of speed, and while he was in all other respects exercising due care for his own safety, or whether the appellee suddenly stopped his truck without warning signal of any kind at a time when appellants' approaching truck was too near his to avoid the collision; this issue, so constituting the main factual bone of contention between the parties, was thrashed back and forth through the testimony of each side, and the jury were cross-examined upon it in the detailed issues the court gave seeking to elicit the facts upon it; as the unchallenged findings upon all those inquiries reflect, the jury settled all details of that controversy in the appellee's favor—that is, they found, in substance, that the fault on that feature was wholly that of the appellants; that their driver—without warning—ran into the appellee, while he was driving his own truck as a reasonably prudent person would have done in all material respects, along the highway in the conditions obtaining, with such force as to knock and drive his truck off of the highway, at an angle of 45 degrees from its former course,

for a distance of 175 feet, to within 2½ feet of the railroad tracks that paralleled the highway, across a muddy depression and through a wire fence.

Since the evidence in the record as an entirety so shows, without, as indicated, specific challenge here of any contributing finding of either court or jury, this court is privileged to turn, with that assumption, to an examination of appellants' summarized assignments.

■ As concerns the first of them, it fails, upon examination, to find that Dr. Ross based his complained-of testimony to any culpable extent upon any subjective or hearsay symptoms as detailed to him by the appellee upon the examination the doctor made of him; but, on the contrary, that his testimony was based upon purely objective symptoms; wherefore, the well-recognized rule appellants depend upon in this instance, under the citation of such authorities as Traders & General Insurance Co. v. Chancellor, Tex.Civ.App., 105 S.W.2d 720, error dismissed; Texas & N. O. v. Stephens, Tex.Civ.App., 198 S.W. 396; Texas Employers' Ins. Ass'n v. Wallace, Tex.Civ. App., 70 S.W.2d 832; Traders & General Insurance Co. v. Wright, Tex.Civ.App., 95 S.W.2d 753, affirmed 132 Tex. 172, 123 S. W.2d 314, and others, does not apply to the developed facts, but instead, this cause is ruled by these authorities: Fort Worth & D. C. Ry. Co. v. Hays, 62 Tex.Civ.App. 369, 131 S.W. 416; Wininger v. Security, Tex.Civ.App., 120 S.W.2d 614; Missouri, K. & T. Railway Co. v. Johnson, 95 Tex. 409, 67 S.W. 768.

■■ The second complaint is not well laid, it is thought, either from a procedural or structural standpoint; in the first place, as this court reads the record, it fails to show that appellants requested the inclusion in the court's charge of a special charge of theirs to the effect that, if the jury believed from the evidence that appellee was simulating any of his injuries, such injuries should not be taken into consideration; in the second place, although it was strictly defensive matter, appellants did not plead any simulated injuries upon the appellee's part, so that no such special charge was required, even if the evidence alone did raise an issue of fact as to the existence of any such simulation; consequently, under these authorities, no prejudicial error upon the trial court's part is pointed out. Farmers' & Merchants' State Bank v. Guffey, Tex. Civ.App., 255 S.W. 462; Payne v. Douglas,

Tex.Civ.App., 241 S.W. 238; Texas & P. Ry. Co. v. Isenhower, 62 Tex.Civ.App. 223, 131 S.W. 297; Miller v. Fenner, Beane & Ungerleider, Tex.Civ.App., 89 S.W.2d 506.

Appellants' objection to the court's charge was that special issue No. 22 does not "specifically eliminate from the jury the consideration of any simulated or pretended injuries, that plaintiff, Jose Contreras, might have", but the record nowhere reflects a requested issue instructing the jury to exclude from their consideration any simulated injuries to the appellee; neither does a recitation appearing in appellants' motion for a new trial below, to the effect that such a charge had been asked, cure the omission to make such a request while the trial had been in progress. Appellants' pleading on this phase was likewise inept and ineffective—that is, they did not specifically aver that any of the injuries complained of by appellee in his petition were simulated although their brief recites that it did; in their answer, they simply averred, "that the injuries claimed by the plaintiff, Jose Contreras, to be permanent are simulated"; whereas, the appellee's trial petition unquestionably shows that he did not plead any permanent injuries at all, his whole cause of action being for temporary injuries, which he specifically declared would probably continue in the future "for another six months from the date of the trial".

There is likewise a complete absence in the proof of any showing that the appellee simulated any of the injuries he so declared upon; indeed, the testimony (inclusive in part of that from appellants' own witnesses) conclusively showed that he, at least, sustained a dislocated hip and an injured left leg as a result of the collision. It is deemed unnecessary to further recite or recapitulate the evidence so showing, as the jury's verdict implies as much anyway.

■ Under their third contention, appellants, again, did not request a charge excluding from the jury's consideration any declared-upon injuries that might be found to have been caused by organic troubles, bad teeth, or neuritis, but contented themselves with merely objecting again to special issue No. 22, because "it does not eliminate any injuries or disability caused from neuritis or previous disability, which the said Jose Contreras might have had prior to the date of said injuries."

This issue No. 22, as quoted supra, appears to have been correct as far as it went,

and if appellants desired any additional instruction affirmatively excluding such suggested "organic troubles", since the court did not charge upon that subject at all, they should either have tendered a special charge to that effect, or, at least, have specifically requested the court to give such a charge; but they did neither. Under these authorities, it is held that no error is disclosed under this count. Missouri, K. & T. Ry. Co. v. Hurdle, Tex.Civ.App., 142 S.W. 992; Dempster Mill Mfg. Co. v. Wiley, Tex.Civ. App., 131 S.W.2d 257; Texas Coca-Cola Bottling Co. v. Lovejoy, Tex.Civ.App., 112 S.W.2d 203; Humble Oil & Refining Co. v. Ooley, Tex.Civ.App., 46 S.W.2d 1038.

█ Indeed, the language of issue No. 22 itself—limiting the appellee's injuries to those "sustained on the occasion in question directly and proximately caused by the negligence, if any, of the defendants, taking into consideration the following elements of damage, and none other", by necessary exclusion, would seem to have eliminated any injuries caused by the claimed neuritis, bad teeth, or organic troubles.

██ Appellants' fourth contention, embodying its two-fold criticism of given issue No. 13, inquiring whether the appellee failed to keep a proper lookout for vehicles which might be approaching him from the rear going in his direction, in the developed state of the pleadings and evidence, is not thought to point out any prejudicial error; further, if the giving of that issue in that form involved error at all, it is deemed to have become harmless, at all events, by the findings of the jury—on ample evidence— to the effect that appellee neither slackened his speed nor stopped his truck prior to the collision, hence he himself did not cause the Staytons' truck to run into his; that development rendered immaterial the question of whether or not he had kept a proper lookout behind him prior to the happening.

Furthermore, as indicated supra, the whole contention of appellants upon this feature was that the appellee suddenly slowed down and stopped his truck, without warning to the appellants' truck, which was close behind him, and thereby that he caused appellants' truck to run into the left end of his own, disabling and disconnecting appellants' brakes, and throwing appellee's truck 175 feet away; when this sole defense went down under the overwhelming weight of the evidence and the jury's findings the other way, there was no issue as to

a proper lookout upon appellee's part left in the case.

█ Moreover, "proper lookout" is not a legal term, especially as applied to such undisputed and simple circumstances as were exhibited here, hence it was unnecessary for the court, in such a setting, to define it. Ray v. Moxon, Tex.Civ.App., 56 S.W.2d 469; Commercial Standard Ins. Co. v. Shudde, Tex.Civ.App., 76 S.W.2d 561.

█ Finally, an examination of the record fails to reflect that appellants requested the court to define "proper lookout", although their motion for a new trial below— in effect—recites that they had done so.

█ Appellants' fifth insistence, that the court should have defined the term "sole proximate cause", in submitting its inquiries, Nos. 19 to 21, inclusive, as to whether appellants' braking system became disabled at once upon the impact and whether that was the sole proximate cause of the appellee's injuries, is overruled upon the finding that, in any event, the refusal of such definition, if error at all, was harmless; because, no such issue was involved in this case; while this court finds no fault with the sufficiency of the definition the trial court gave of "sole proximate cause", yet, under the undisputed evidence to that effect, as well as the jury's finding that the brakes did so become disabled, it is self-evident that the appellee was thus left a hapless victim of the terrific momentum with which appellants' truck so struck him; in other words, in such circumstances, the unlawful speed and great force with which their truck struck him was itself necessarily the causa causans, or sole proximate cause, of the collision; whereas the incidental disablement of their brakes was nothing more than an accompanying result thereof, which might reasonably have been anticipated. 30 Tex.Jur., Sec. 57, pages 714-715; Neeley v. Cullen, Tex.Civ.App., 241 S.W. 1116, writ of error refused. Since the full substance of the verdict has been given, supra, it becomes unnecessary to restate the evidence from which this conclusion flows.

As tending to support the holding that the court's definition of sole proximate cause—in the circumstances here—was not erroneous, since it had already defined negligence, ordinary care, and proximate cause, as applicable to the facts of this case, to which there had been no objection, these

holdings are cited: Torres v. Brazos Valley Buick Co., Tex.Civ.App., 30 S.W.2d 375; A. B. C. Storage & Moving Co. v. Herron, Tex.Civ.App., 138 S.W.2d 211; Southern Motor Lines v. Creamer; Tex. Civ.App., 113 S.W.2d 624.

■ Appellants' sixth criticism, in effect, that there was no evidence to support the court's instruction, under quoted issue No. 22, that the jury might consider such future loss of earnings as they might believe appellee would in reasonable probability suffer from his injuries, for six months time, is overruled under the finding that there was much supporting evidence.

In fact, the undisputed testimony as well as the jury's findings determine this matter, by legitimate inference at least, adversely to the appellants' contention, in that the appellee's earnings during a substantial period immediately before the trial were fully shown—that is, what work he had done, and what he had earned therefor prior to his injury; then, likewise, both the evidence and the findings show with reasonable accuracy the diminished capacity to work and earn money therefor in the future that he had at the time of the trial, which was some six and a half months after the date of his injury. These conditions furnished a reasonable criterion by which a jury might properly determine what loss of earnings he would in reasonable probability further suffer within the next six months after the trial. 13 Tex.Jur., Sec. 223, pp. 385 and 386; 13 Tex.Jur., Sec. 225, pp. 387–388; Dallas Consol. Electric St. R. Co. v. Motwiller, 101 Tex. 515, 109 S.W. 918; Texas Electric Ry. v. Jones, Tex.Civ.App., 231 S. W. 823; Bull-Stewart Equipment Co. v. Myers, Tex.Civ.App., 102 S.W.2d 241.

■ The seventh and last proposition, quoted supra, is without merit; that the injuries appellee was found to have suffered did result from the accident substantially as charged by him was established by positive and well-nigh uncontroverted testimony—indeed, much of it by the appellants themselves and their witnesses. In addition to that, there was no impeaching or disparaging proof even offered in opposition to it. The verdict of the jury, unchallenged as it is in any of its specific findings, constitutes in itself alone a complete answer to this highly technical suggestion; nor was the appellee himself the sole witness who so testified; on the contrary, the appellants, H. F. and Alton Stayton, as well as appellants' witness, Dr. Blair, furnished much material corroboration of the other witnesses—including the appellee to the effect that he had received his complained of injuries as the result of the accident in question.

Moreover, it appears from the whole record that the cause was tried below upon the theory that he did so receive whatever injuries he had proven, and both sides, without objection or raising a question to the contrary, acquiesced in the submission of the cause to the jury upon that theory.

It is, therefore, held that there was no such hiatus in the proof, as is thus asserted. 41 Tex.Jur., Sec. 228, p. 1027; Security Union Ins. Co. v. Hall, Tex.Civ.App., 37 S.W.2d 811, and 813; Fidelity & Casualty Co. of New York v. Branton, Tex.Civ.App., 70 S.W.2d 780, writ of error refused.

These conclusions require an affirmance of the judgment; it will be so ordered.

Affirmed.

## On Motion for Rehearing.

■ In their motion appellants, as they themselves put it, "protest vigorously" against the original opinion, with reference to the overruling of appellants' assignment of error No. 4, as follows: "Under assignment of error No. 4, appellants contend that the trial court should have given a special instruction to the jury eliminating from its consideration any pre-existing disabilities which the evidence disclosed on the part of the plaintiff."

They then further quote their additional objection made on the trial to special issue No. 22, contending that it added something material in that respect to their objection, as quoted in the former opinion on page 9 [page 347]: "Defendants further object to said issue for the reason that the court fails to give the jury a proper measure of damages, * * * for the further reason that said issue does not limit the jury in its consideration and in its answer to consider only the injuries proximately resulting from and caused by the negligence of the defendant, and does not eliminate from the jury's consideration any previously existing injury which Jose Contreras may have had * * *."

As supporting this "vigorous protest" on rehearing, they specially rely upon these authorities: Gulf, C. & S. F. Ry. Co. v. Conley, 113 Tex. 472, 260 S.W. 561, 32 A.L.R. 1183; Burlington-Rock Island Ry. Co. v. Ellison, Tex.Civ.App., 134 S.W.2d 306; Ft. Worth & Denver City Ry. Co. v. Boze-

350

man, Tex.Civ.App., 135 S.W.2d 275; Panhandle & S. F. Ry. Co. v. Parrish, Tex.Civ. App., 281 S.W. 887; Standard Paving Company v. Pyle, Tex.Civ.App., 131 S.W.2d 200; Texas & New Orleans Ry. Co. v. Crow, Tex.Civ.App., 101 S.W.2d 274; Speer's Law of Special Issues, page 401; Texas Coca Cola Bottling Company v. Lovejoy, Tex.Civ.App., 138 S.W.2d 254; Pedigo & Pedigo v. Croom, Tex.Civ.App., 37 S.W.2d 1074, 1075; Nehi Bottling Company v. Patton, Tex.Civ.App., 142 S.W.2d 900.

It is earnestly urged that this court's former holding on this feature is in conflict with all such cited authorities especially its own in Nehi Bottling Co. v. Patton, supra.

After careful reconsideration, appellants' so reiterated contention is overruled, upon the finding and conclusion that the present cause is easily distinguishable upon its facts from any of the cited ones, in all of which substantially these controlling elements appear:

"(1) The injuries from disease declared upon in the case existed prior to the time that plaintiff was injured by the negligence of the defendant;

"(2) Such pre-existing injuries were substantial and existed materially;

"(3) The injuries declared upon caused by the negligence of the defendant were so intermingled and closely associated with the prior existing injuries caused by disease, as to probably cause the jury to confuse the one with the other in assessing damages."

None of these elements so existed in this case as to have entitled the appellants, even upon a proper request or a presentation of a special instruction to the court, to require the court to affirmatively exclude from the jury's consideration neurotic injuries as having existed prior to the wreck in which this appellee was injured; in other words, the evidence here failed to raise an issue to the effect that Contreras had any neuritis at the time of or before this wreck of July 15 of 1939.

Wherefore, the rule followed in the cases cited by appellants does not apply to nor control the different situation presented here.

The appellee's answer to appellants' motion, in the opinion of this court makes clear that this differentiation between the two materially differing states of fact is un-mistakable and requires the overruling of appellants' motion. It will be so ordered.

Appellants' motion for a rehearing refused.