274

## DICKERSON v. JOHNSON.

### No. 12614.

Court of Civil Appeals of Texas.
Galveston.

Dec. 10, 1953.

---

Wigley, McLeod, Mills & Shirley, Robert W. Alexander, Galveston, for appellant.

Walter E. Ressel, Galveston, for appellee.

GRAVES, Justice.

This appeal is from a judgment of the 56th District Court of Galveston County overruling the plea-of-privilege of appellant to be sued in Rusk County, Texas, in a damage suit against him, filed by the appellee in Galveston County, as an alleged result of a collision between the automobiles of the two parties at the intersection of Broadway and 19th Streets, in the City of Galveston. The appellant's car was a Plymouth, while that of the appellee was a Packard.

In response to appellant's request, the court supported its judgment so overruling the appellant's plea by filing, in substance, these conclusions and findings:

"I find from a preponderance of the evidence that on the occasion in question the defendant, H. C. Dickerson, was driving his automobile at an excessive and dangerous rate of speed and at a rate of speed too great under the attending circumstances.

"* * * that in (so) driving his automobile at such excessive rate of speed * * * (he) was guilty of negligence and that such negligence was a proximate cause of the collision * * *.

"I further find that the plaintiff's automobile was damaged in the amount in excess of $800.00 * * * (etc.).

"I further find that * * * the defendant, H. C. Dickerson, failed to keep a proper lookout for the approach of the Johnson car; also that as the two cars approached the point of collision it was the duty of the defendant, H. C. Dickerson, to yield the right of way to the Johnson car, which he failed to do.

"I conclude as a matter of law that the defendant H. C. Dickerson's act in driving at an excessive and dangerous rate of speed under the attending circumstances was a trespass as defined by Section 9 of Art. 1995 of the Revised Civil Statutes of Texas and that venue of this cause of action is properly laid in Galveston County, Texas, and that the defendant's Plea of Privilege should be overruled."

In a very extended brief, under 5 Points of Error, the appellant contends there was no evidence at all to support the Court's findings that the appellant negligently operated his automobile (the Plymouth) at an excessive and dangerous rate of speed, that he failed to keep a proper lookout, that he failed to yield the right of way to the appellee, or that, in any event, appellant had been guilty of any trespass, crime, or offense, toward the appellee in Galveston County, of such a character as would have sustained venue for such suit against him in Galveston County, under Subdivision 9, of Art. 1995, of the Revised Civil Statutes of Texas.

None of appellant's points, it is determined, should be sustained. In other words, following its study of the record and the statement of facts herein, this Court is unable to hold that there was no evidence to support the quoted findings of fact by the court below; on the contrary, it was stipulated that the accident, as so declared upon, happened in Galveston County, and that appellant suffered damages therefrom in excess of $500; further, a number of witnesses testified, including the appellee's son, who was the driver of his car, and his wife; further, that the surroundings of the scene at the junction of the two streets in Galveston County were all either admitted, or shown to have been substantially as so found by the court; further that there were five photographs taken of the two automobiles that so collided, and these were made parts of the statement of facts brought up with the record to this Court.

Moreover, the mutilated condition of the two cars furnished much confirmatory proof, tending to support the testimony of appellee's son and driver of his car as to how the accident happened, and the relative positions of the two cars that so came together; it is true that there was, in so many words, no direct statement from any witness that the appellant was operating his car at the time and place, and in the circumstances indicated, at a dangerous and excessive rate of speed; but, as indicated, the circumstances and conditions that were in evidence were ample bases upon which to justify and support the trial court's stated findings; neither, it is determined, was the trial court's finding by way of conclusion from all of the circumstances, that the appellant's action, under all the attending circumstances, constituted a trespass within the meaning of the invoked Section 9, of Art. 1995, R.C.S. of Texas, unsupported.

Indeed, to support the appellant's single contention in this cause, that there was "no evidence," it would be necessary to throw out the entire circumstances so shown, including the testimony of the appellee's driver, who made at least one guess, or estimate, of the speed of appellant's car at the time, as well as all the other circumstances tending to show the happening of the collision, inclusive, especially, of the recited photographs of the scene, and of the cars, in their mutilated condition.

In a word, this Court is unable to hold that the trial court's findings and conclusions were not shown to have been reasonably supported. Especially is this conclusion deemed to be required, since it is the duty of this Court to view such evidence as a whole in the light most favorable to the support of the trial court's findings. See Stayton v. Rodriguez, Tex.Civ.App., 144 S.W.2d 298, 299. In other words, as the last quoted authority puts it: "It is true that the evidence was circumstantial in large measure * * * but that fact in no wise militates against its admissibility and potency as proof; * * *."

Finally, with the proven geography and setting of this particular locale, showing that it was an inherently dangerous one, and when its condition after the collision, including the positions of and the extent and character of the damages to the two automobiles, was fully testified to by the appellee's witnesses, appellant not only did not testify himself, nor did the passenger who was with him in his car at the time; further, he gave no explanation whatever of his failure to produce such testimony from either of them.

This Court, through Justice Cody, in Dunn Bros. Pipe Line Contractors v. Caldwell, 224 S.W.2d 765, 767, has thus held that appellant's omission in that respect was at least admissible as a circumstance against him, to-wit: " * * * such failure on the part of appellants to place him on the witness stand is a circumstance to be considered in evaluating such probative force, because it is to be presumed that appellants would have produced his testimony or accounted for their failure to do so, if it would have been favorable to them. See Traylor v. Brentzel, Tex.Civ.App., 218 S. W.2d 261, 263."

These conclusions require an affirmance of the judgment. It will be so ordered.

Affirmed.