## MUSSLEWHITE v. VOS.

### No. 10824.

Court of Civil Appeals of Texas. Galveston.

April 13, 1939.

Rehearing Denied May 4, 1939.

Lewright, Dyer & Sorrell, of Corpus Christi, for appellant.

L. W. Pollard and O. H. Middlebrooks, both of Rosenberg, for appellee.

CODY, Justice.

This is a plea of privilege case.

Appellee instituted this suit against appellant in the District Court of Fort Bend County to recover damages alleged to have resulted from injuries received in a collision which occurred in Fort Bend County on April 2, 1937, between a truck in which appellee was riding and a truck owned by appellant and which was being then operated by his employee, W. A. Smith. Appellant filed in due course, and urged in due form, a plea of privilege to be sued in Harris County where he resides. Appellee controverted such plea in due Statutory form; and such plea came on regularly for hearing before court and jury on May 19, 1938, and at the conclusion of the testimony both parties moved for an instructed verdict; the motion of appellee was granted, and that of appellant refused, and appellant preserved his objections.

In his controverting affidavit, appellee alleged that appellant's employee prior to, and at the time of the collision was operating the truck to his left of the center of State Highway No. 12, proceeding Southwest, which portion of the highway was to be used by trucks and motor vehicles

going in the opposite direction, in violation of the penal laws of the State, and further alleged that such illegal operation was the proximate cause of the collision. Appellee relied on Subdivision 9 of Art. 1995, R.S. 1925 to hold venue in Fort Bend County.

 That appellee made out a prima facie case against appellant is apparent. The evidence was that tracks of the truck in which appellee was riding were on his own side of the road, while the tracks made by appellant's truck showed that it was traveling on the wrong side of the road; further, that appellee was asleep at the time of the collision, having been relieved of driving in Edna or Wharton by the one who was driving the truck in which appellee was riding at the time of the collision, which driver was killed by it. Smith, the driver of appellant's truck did not testify. The evidence referred to, taken together with the circumstance that appellant did not produce Smith to testify, and which he would naturally have done if the testimony would have been favorable to him, would have indeed supported 'a jury .verdict in appellee's favor in a trial on the question of liability on the merits. Atex Const. Co. v. Farrow, Tex.Civ.App., 71 S.W.2d 323. We believe, therefore, that the evidence produced at the trial made out a prima facie case under subdivision 9 of the venue Statute. This, however, was not sufficient to warrant taking the case from the jury. As was stated in Compton v. Elliott, Tex.Com.App., 88 S.W.2d 91, 95, 96 (opinion 'adopted by the Supreme Court):

"(2) The venue facts which a plaintiff is required to plead and prove under exception 9 [of Art. 1995] are that the crime, offense, or trespass was in fact committed and that it was committed in the county where the suit is pending.

"(3) On the hearing of the plea of privilege, the issue made is tried in the ordinary way and the truth as to the fact or facts in issue is ascertained by the introduction and weighing of evidence offered by both parties."

While from the evidence submitted at the trial, the jury could have inferred that appellants, acting through the driver of his truck, had committed a trespass on the person of appellee, yet it was an inference that the jury must draw. The evidence made out only a prima facie, not a conclusive case of such trespass. The court therefore erred in instructing the verdict

in favor of appellee; the judgment is reversed, and the cause is remanded.

Reversed and remanded.