**MEYER et al. v. CHOMBART.**

No. 2554.

Court of Civil Appeals of Texas. Waco.

Dec. 2, 1943.

Rehearing Denied Dec. 30, 1943.

Pinkney Grissom and Thompson, Knight, Harris, Wright & Weisberg, all of Dallas, for appellants.

Carter & Garonzik and Ben T. Warder, Jr., all of Dallas, for appellee.

HALE, Justice.

This is an appeal from an order overruling two pleas of privilege. L. G. Chombart sued J. L. Meyer, doing business as Dr. Pepper Bottling Company, and D. B. Moore in the District Court of Freestone County for the recovery of damages on account of injuries arising out of an automobile collision which occurred in that county. Each defendant duly filed his plea of privilege in statutory form, asserting his right to be sued in the county of his residence. Plaintiff seasonably controverted each plea upon the grounds that (1) his suit was based upon a crime, offense and trespass committed in Freestone County by Moore while acting in the course of his employment as an employee of Meyer and therefore venue was properly laid against both defendants in that county under sub. 9 of Art. 1995 of Vernon's Tex.Ann.Civ. Stats.; and (2) inasmuch as his suit was maintainable in Freestone County against Moore, it was also maintainable there against Meyer who was a necessary party within the meaning of sub. 29a of said Art. 1995. Upon a hearing of the issues thus joined the court overruled the pleas and both defendants have appealed.

Appellee alleged that he was operating his Buick automobile at and prior to the time of the collision in a southerly direction along the west side of the paved portion of U. S. Highway 75; that he overtook a truck belonging to Meyer, which was also being operated in a southerly direction along the west side of said Highway by Moore at a point about 150 feet north of an infrequently used dirt road which intersected the Highway at right angles from the east; that he pulled to the left-hand or east side of the Highway and was undertaking to pass the truck when Moore suddenly and without any warning propelled his truck from the west side of the center line of said Highway to the east side thereof, thereby causing the collision and the serious and permanent injuries complained of. He specifically alleged that his injuries were proximately caused by the negligence of appellants in the following particulars, among others, viz.: (1) "in attempting to make a left-hand turn at the intersection of the Highway with the dirt road in question without first running beyond the center of such intersection and passing to the right thereof before turning the truck to the left, in violation of Art. 801(G) of the Penal Code of the State of Texas"; (2) "in operating said truck astride the center line and partially on the left-hand side of and partially on the right-hand side of said Highway"; and (3) "in changing the course of said truck to the driver's left without first seeing that there was sufficient space for such movement to be made in safety, in violation of Art. 801 (K) of the Penal Code of the State of Texas."

Both appellants say the judgment should be reversed because the evidence was insufficient to show that Moore's conduct constituted a crime, offense or trespass within the meaning of the Venue Statute. Meyer further contends that even though Moore did commit a crime or offense on the occasion in question, he (Meyer) could not be held guilty of such crime or offense through the acts or omissions of his agent Moore in his absence.

Pursuant to rules 169 and 170, Texas Rules of Civil Procedure, appellants admitted that the truck was owned by Meyer, was being used at the time of the collision in the transaction of his business, and was being operated for him by Moore in the regular course of his employment as an employee of Meyer. It was also stipulated that appellee sustained damages in an amount within the jurisdiction of the court as a proximate result of the collision in question. Therefore, if the evidence was sufficient to sustain findings of actionable negligence on the part of Moore, and that such negligence, if any, constituted a trespass as distinguished from a crime, offense or mere omission to perform some duty which he owed to appellee, then both appellants were suable in Freestone County under the provisions of sub. 9 of the Venue Statute. Moreover, in passing upon the sufficiency of the evidence to sustain the implied findings of the trial court, it is the

duty of this court to view the testimony as a whole in its most favorable light from the standpoint of appellee.

Upon the hearing of the pleas the testimony of five witnesses was introduced, including the deposition of appellant Moore. From the testimony adduced, there was evidence that the dirt road intersects the Highway as alleged; the collision occurred in the Highway about 100 feet north of the point where the dirt road intersects with the Highway; Moore intended to turn off of the Highway into the dirt road and when he was a little more than 100 feet from the dirt road he "had cut slightly to the left— and was starting to angle to the left toward this dirt road"; as appellee's car approached the scene of the accident its horn was sounded about 75 feet and its brakes were fully applied about 25 feet from the point of collision; at the time of the collision the two left wheels of the truck were east of the center line in the Highway and the two right wheels were about the same distance west of the center line; appellee's car collided with the truck to the east of the center line of the Highway, the left wheels of his car being on the east dirt shoulder of the Highway at the time of the collision. Moore testified that he looked into his rear view mirror when he was about 250 feet from the dirt road and saw no one approaching from the rear; that he did not recall whether he held out his hand or gave any signal of his intention to turn to the left or not. A witness who was seated in his home just west of the scene of the accident testified that he saw the truck when it began to turn towards its left at about the time when the horn was sounded on the Buick car and that the driver of the truck continued "to pull to his left until the collision occurred." The evidence indicated that the Buick was being operated at a much higher rate of speed than the truck at and immediately prior to the time of the collision.

Without further statement from the evidence, we hold the same was sufficient to sustain implied findings that Moore was operating the truck at and immediately prior to the time of the collision astride the center line of the Highway, partially on the left-hand side and partially on the right-hand side of said Highway; that such conduct on his part was negligence and a proximate cause of the accident and injuries complained of; and that such active negligence on the part of Moore constituted and was a trespass within the meaning of sub. 9, Art. 1995 of Vernon's Tex.Ann.Civ. Stats. Scott v. Carlos, Tex.Civ.App., 13 S.W.2d 957; Columbian Fuel Corp. v. Summers, Tex.Civ.App., 134 S.W.2d 694; Heard & Heard v. Kuhnert, Tex.Civ.App., 155 S.W.2d 817.

Finding no reversible error in the case, the judgment of the trial court is affirmed.