# TRAYLOR v. BRENTZEL.

## No. 12052.

Court of Civil Appeals of Texas. Galveston.

Feb. 10, 1949.

Collins, Dies, Williams, Garrison & Renfrow, of Lufkin, and Kennedy & Granberry, of Crockett, for appellant.

Bracewell & Wright, of Huntsville, and Bracewell & Tunks, of Houston, for appellee.

CODY, Justice.

This is a plea of privilege case. The action was brought by appellee in the District Court of Trinity County, against appellant, who resides in Houston County, to recover damages for the death of Mr. Brentzel, appellee's husband, following a collision between the automobile which was driven by him and the automobile which was driven by appellant, and which occurred October 29, 1947, about 6:45 or 7:00 P.M. in Trinity County on the Trinity-Crockett Highway, a short distance beyond and north of the corporation limits of the city of Trinity. Among the acts of negligence on the part of appellant which appellee alleged as proximate cause, was the alleged acts of appellant in (a) negligently driving his automobile on the left hand side of the road, and (b), negligently driving his automobile at a speed which was dangerous under the circumstances.

Appellant filed his plea of privilege to be sued in Houston County, where he resides. Appellee filed her controverting affidavit relying therein on Subdivision 9, R.C.S. Article 1995, as amended, Vernon's Ann.Civ.St. art. 1995, subd. 9, and incorporated in her affidavit her original petition. The court, trying the contest without a jury, rendered judgment overruling appellant's plea of privilege. No conclusions of fact or law were requested.

Subdivision 9 of Article 1995 contains an exception to the general venue statute in this language: "9. Crime or Trespass. A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed * * * or in the county where the defendant has his domicile."

Appellee's husband and appellant were the only eye witnesses to the accident. Appellee's husband died at the scene of the accident, and on the trial of the contest, appellant did not testify. Perry Price, the city Marshal of Trinity, was the only witness who gave testimony relating to the accident. His testimony was based on his examination made at the scene of the collision shortly after it occurred. The substance of his testimony, so far as material, was substantially as follows:

That as soon as the collision was reported to him, he rushed out to it. It occurred about one-fourth mile north of the city limits of Trinity, and he arrived there about 6:45 or 7:00 P.M. and it was then dark. That there were two men already there not counting Mr. Brentzel, who was in a Chevrolet, and appeared to be dead, or appellant, who was in a Chrysler, and appeared to be alive.

That the highway is concrete with a black line down its middle and has wide dirt shoulders which were fairly well covered with grass, and in fairly good shape. Mr. Brentzel's car had been traveling south toward Trinity, and appellant's north, toward Crockett. That the cars had been driven together head on and each was driven in; that the Brentzel car was on its right side on the highway with its left wheels not nearer than 12 inches to the black center line of the road; that appellant's car, except the right rear wheel, was on its left hand side of the center of the highway.

That an injured cow was lying on the concrete, about 18 inches from the east side of the pavement, and was even with the back end of appellant's car. The right front fender of appellant's car was caved in and the chrome on it was broken and hair was stuck to it. That just north of the accident was a sign "watch out for livestock". That the road at the point of the collision was practically straight and was dry and the weather was clear. That the debris from the collision was on the west side of the highway. That no skid marks were made by either car.

Appellant has predicated his appeal on two points, charging that the court erred:

I. In finding and concluding that appellant had committed either a trespass, an offense, or a crime which was a proximate cause.

II. In overruling plea of privilege.

We overrule appellant's points. We think that the trier of the facts could reasonably infer from all the circumstances that appellant was negligently driving his automobile on the left hand side of the road, and that such negligence was a proximate cause. We are further of the opinion that the trier of the facts could reasonably infer from all the circumstances that appellant was negligently driving his automobile at a speed which was dangerous under the circumstances, and that the same was a proximate cause.

 It is not quite accurate to say that the testimony of Mr. Price, the city Marshall, contained all the circumstances which the trier of the facts was entitled to consider in drawing the inference that appellant had been guilty of commiting an offense or trespass in Trinity County. The appellant was the only living eyewitness to the accident. Whether or not he was operating his vehicle on the left hand side of the highway when the same was not clear and unobstructed for a distance of at least fifty yards ahead, in violation of Art. 801(A), Vernon's Ann.P.C., was a matter peculiarly within his knowledge. This was also true with respect to the rate of speed at which he was driving. It is true that appellant's failure to testify cannot be taken as supplying the necessary proof to establish these issues against him. But if the evidence adduced by appellee has some probative force to support a reasonable inference against him on these issues, it is a circumstance to be considered in evaluating the evidence that appellant failed to produce his testimony thereon, as it is to be presumed that, if his evidence did not tend to support a finding adverse to him on such issues, he would have produced it. Atex Const. Co. v. Farrow, Tex.Civ.App., 71 S.W.2d 323, 325, and authorities there cited; Mussle-

white v. Vos, Tex.Civ.App., 127 S.W.2d 969, 970.

 The operation of a vehicle on the left hand side of the road in violation of Art. 801(A), is a trespass within the meaning of Subd. 9, R.C.S. Art. 1995. Hamilton v. Perry, Tex.Civ.App., 85 S.W.2d 846, 848; Musslewhite v. Vos, supra. The affirmative evidence of Mr. Price established that, when he arrived at the scene, the deceased was still alive and in his car, and that appellant was injured and still in his car, and that besides them, there were only two other persons who had then stopped there. Further, that the deceased's car was wholly on his side of the road, and appellant's car almost wholly on the deceased's side of the road, and that there were no skid marks on the pavement from either automobile; and the two automobiles were still together head-on at the point of collision, as indicated by the debris. Unexplained, this evidence was sufficient to make out a prima facie case that appellant was on the wrong side of the road in violation of Art. 801(A) of the Penal Code. Straus-Bodenheimer Co. v. Marshall, Tex.Civ.App., 91 S.W.2d 865, 867.

We do not question that there was evidence sufficient to compel the inference that appellant's outside or right hand front fender collided with a cow at a point near the collision with the deceased's automobile, and injured the animal internally so that she died while Mr. Price was still there. His testimony is that she got up and moved twice after he got there, and a sketch made by the witness, showing the position of the cow with reference to the automobile when he first arrived, and the different positions she moved to before she died, was introduced on the hearing of the contest, and is in the statement of facts. But whether she was on appellant's side of the road, or on the deceased's side of the road, or where she was on the road, when she was struck is, in the state of evidence, purely a matter of speculation. The evidence not only is insufficient to compel the inference that appellant was driving on his side of the road when he collided with the beast, and was by force of the collision thrown from his side of the road in front of the deceased's

automobile, but any such inference would, it seems to us, be mere speculation. Since appellant is the only living eyewitness, and failed to testify, the inference which, it seems to us the court would have been required to draw would not be the inference of a state of facts which the most favorable testimony on the part of appellant could have supplied, had he chosen to testify. So far as it can be determined from the evidence, it may well be that, had appellant chosen to testify, his testimony would have shown that he was driving on the wrong side of the road when he collided with the cow.

We are unable to state that there was no evidence of probative value sufficient to support the conclusion, which the court presumably drew, that appellant was driving at a dangerous and unsafe rate of speed, and that the same was negligence and a proximate cause. This could be sufficient to constitute a trespass within the meaning of Subd. 9, Art. 1995. Stovall v. Whatley, Tex.Civ.App., 183 S.W.2d 672. The evidence showed that the collision took place after dark, at a place where cattle were allowed to be at large, and where a warning was posted to look out for cattle. The severe injury to the cow, which was inflicted by appellant's car near the point of collision, was some evidence to support the conclusion that appellant was driving at a dangerous rate of speed under the circumstances. The condition of the automobiles after the impact, which we have not thought fit to detail, tended to support this conclusion. And the failure of appellant to testify was also a circumstance—not to establish the fact of appellant's driving at a dangerous rate of speed, but to be considered on the weight to be attached to the aforesaid circumstances which furnished some probative evidence that appellant was driving at a dangerous and unsafe rate of speed. It was not necessary, as appellant seems to assume, that the evidence should have been sufficient to establish that he was driving at the rate of not less than 55 miles per hour, after dark.

The court's judgment overruling the plea is affirmed.