DUNN BROS. PIPE LINE CONTRAC-
TORS et al. v. CALDWELL et al.

No. 12122.

Court of Civil Appeals of Texas.
Galveston.

Nov. 17, 1949.

766

Lucian Touchstone, of Dallas, for appellants.

Earl Cox, of Houston, for appellees.

CODY, Justice.

This is a plea of privilege case growing out of an automobile collision, which occurred in Harris County on the Houston-Hempstead highway about 7:45 o'clock on the morning of October 12, 1948, between a sedan which belonged to, and was being driven by, E. B. Caldwell, and a truck and trailer which was loaded with heavy steel pipe, each pipe being 31 inches in diameter. Said truck and trailer belonged to appellants (defendants), and upon the occasion in question was being driven by their employee in the course of his employment. Appellants seasonably filed their plea of privilege to be sued in Dallas County where they resided. Appellees (plaintiffs) promptly filed their controverting affidavits claiming that venue was proper in Harris County, under Subdivision 9, art. 1995, Vernon's Ann.Tex.Stats. In a trial to the court without a jury, the court overruled appellants' pleas of privilege and no conclusions of fact or law have been filed.

This particular suit is one of four (the others being numbered 12123, 12124 and 12125 on the docket of this Court) that have been brought against appellants on account of the collision. And in each suit appellants have urged pleas of privilege to be sued in Dallas county which have been overruled upon the same grounds as in this case, and appeals have been brought up in each case. The same disposition is made of the other appeals by a per curiam order as is made of this appeal, and the other cases will not be further referred to in this opinion. This particular suit was brought by Mrs. Mattie Caldwell, one of the passengers in the aforesaid sedan, and the surviving widow of the aforesaid E. B. Caldwell, who was driving said sedan which participated in the collision. Mrs. Caldwell was joined by those who were entitled to sue as beneficiaries for the death of E. B. Caldwell under the Death Statute, Vernon's Ann.Civ.St. art. 4671 et seq., but said co-plaintiffs of Mrs. Caldwell did not seek any recovery, but participated as plaintiffs to make up the necessary parties. Mrs. Caldwell sought to recover damages for the death of her husband, as well as damages to her own person.

It was undisputed that the accident occurred on the highway about a mile east or southeast of Cypress, and that the deceased was driving his sedan in an easterly or southeasterly direction just prior to the accident; further, that the highway is paved, and some twenty feet in width; further, that appellants' truck and trailer was traveling in the same direction as was the sedan; that the sedan was traveling at the speed of 50 or 55 miles an hour, and that the truck and trailer was traveling about the same rate of speed, or slightly slower. The following are allegations from appellees' controverting affidavits, the substance of which are also in their petition: "That as such truck was proceeding down the highway aforesaid, with the car being driven by E. B. Caldwell approaching it from the rear, and when such truck and trailer reached a point about one mile Southeast of the town of Cypress, in Harris County, Texas, the driver of such truck without any warning whatsoever of his intention so to do, suddenly turned such truck to its left and into an obscure and unnoticeable dirt road leading to a field where the defendants herein were engaged in stacking and placing pipe similar to that being transported by such truck. That in making such turn to his left, the driver of such truck wholly failed to give any signal of his intention to make such turn by the extending of his hand and arm in a horizontal position, or by the use of any mechanical device on such truck, or in any other manner, but suddenly and unexpectedly turned and swerved such truck to its left, without slackening its speed, and without any warning whatsoever to the occupants of the car approaching from the rear. That in making such left-hand turn in the sudden and unexpected manner aforesaid, the defendants' huge truck and trailer was caused to block the entire road and the path of the approaching car being driven by E. B. Caldwell, and that the automobile being driven

by the said E. B. Caldwell was thereby caused to run into and collide with the huge pipe protruding from the rear of such truck".

Appellees alleged that acts of appellants' driver constituted crimes, offenses and trespasses committed in Harris County, as follows:

(a) violation of the penal laws of Texas and of Section 68 art. VII of art. 6701d, VATS;

(b) violation of the penal laws and of Sections 68, 69 and 70 art. VII of art. 6701d, VATS;

(g) in turning the truck to its left more suddenly than a person of ordinary prudence would have turned such truck under the same or similar circumstances;

(h) in turning such truck to its left at a greater rate of speed than a person of ordinary prudence would have turned such truck under the same or similar circumstances.

In view of the fact that appellants' points, seeking reversal of the trial court's action in overruling the pleas of privilege, are predicated upon the claim of insufficiency of evidence to bring the case within subdivision 9, art. 1995, VATS, the evidence will be discussed after appellants' said points have been stated, which points are these:

I. Appellees wholly failed to show that appellants had committed a crime, offense or trespass in Harris County, and the court's judgment is not supported by any competent evidence, or is against the great weight and preponderance of the evidence.

II. The evidence wholly fails to show the commission of any crime, offense, or trespass in Harris County, and wholly fails to show any such acts of appellants were a proximate cause of appellees' injuries and damages.

The occupants of the sedan at the time of the collision were E. B. Caldwell, who was driving it, Mrs. Wallace Smith, Mr. and Mrs. Higginbotham, and Mrs. Caldwell. The only occupants of the sedan who survived the results of the accident were Mrs. Caldwell and Mrs. Smith. They both testified at the hearing. The truck driver also survived the accident, but did not testify. The parties to this appeal have not discussed the failure of appellants' driver to testify, nor have we found any explanation for such failure. Such failure to testify cannot, of course, be taken to supply the proof necessary to establish that he committed any crime, offense or trespass against the occupants of the sedan. But if appellees have produced on the trial evidence of some probative force to support the inference of the commission by the truck driver of any such crimes, offenses or trespasses, such failure on the part of appellants to place him on the witness stand is a circumstance to be considered in evaluating such probative force, because it is to be presumed that appellants would have produced his testimony or accounted for their failure to do so, if it would have been favorable to them. See Traylor v. Brentzel, Tex.Civ.App., 218 S.W.2d 261, 263. Furthermore, in passing upon the sufficiency of the evidence to support the implied findings of the trial court in support of its judgment, it is the duty of the appellate court to view the evidence as a whole in the light most favorable to support the trial court's presumed findings.

It is well settled that a mere negligent failure on the part of a person to do something which it was his duty to do—mere passive common law negligence—is not a trespass within the meaning of subdivision 9, art. 1995, VATS. Barron v. James, 145 Tex. 283, 291, 198 S.W.2d 256, and authorities there cited. We consider it unnecessary to pass on whether paragraph "g" indicated above, which charged appellants' driver with committing a trespass in that he turned the truck to its left more suddenly than a person of ordinary prudence would have turned such truck under the same or similar circumstances, charged active negligence, such as would have supported an action of trespass on the case at common law. And so also, with respect to the allegations of paragraph (b) referred to above. This, because the remaining specification of the commission by the truck driver of acts constituting crimes, offenses and trespasses, clearly pleads a

case coming within Subdivision 9, and as we evaluate the evidence, the same is sufficient to support the trial court's presumed findings.

Paragraph (a), charging the truck driver with the commission of a crime, offense or trespass in Harris County, charged the driver with the act of turning the truck and trailer on the highway at a time when such movement could not be made with safety, in violation of the penal laws and of section 68 of art. VII of art. 6701d, VATS. Paragraph (b) charged the driver with the act of turning the truck and trailer without signaling the driver's intention so to do by extending his hand and arm horizontally from the left side of such vehicle in violation of the penal laws and of sections 68, 69 and 70 of art. VII of art. 6701d, VATS, which provide that no person shall turn any vehicle in the event any other traffic may be affected by such movement, without giving an appropriate signal of his intention so to do, and that when turning to the left such signal shall consist of the extension of the driver's hand and arm horizontally from the left side of such vehicle.

Paragraph (c), specifying the acts of appellants' driver, which are charged as the commission of crimes, offenses and trespasses, relates to signaling equipment with which a truck must be provided, where it is so loaded that a hand signal cannot be seen from the rear, and its use. Paragraph (e) charged appellants' driver with failure to signal his intention to turn the truck and trailer to its left, continuously during not less than the last 100 feet traveled by the vehicle before turning in violation of the penal laws and of section 68 of art. VII of art. 6701d, VATS., which requires a signal "of intention to turn to the right or left, when required, shall be given continuously during not less than the last 100 feet traveled by the vehicle before turning".

As indicated above, Mrs. Smith and Mrs. Caldwell were the only occupants of the sedan who survived the results of the accident, and they both testified. Mrs. Smith was seated on the front seat, at the right hand side of the sedan. Mrs. Caldwell was seated on the right hand side of the sedan in the back seat. Mrs. Higginbotham was seated in the center of the back seat, and survived the accident for a short time, but died from its effect. Mr. Higginbotham was seated on the back seat on the left hand side of the sedan. And Mr. Caldwell, who was driving the sedan was seated, of course, on the front seat, and on the left hand side. He and Mr. Higginbotham were killed instantly. The only other person to testify with respect to the facts relating to the collision, other than Mrs. Caldwell and Mrs. Smith, was W. O. Roberts, who testified that he was driving his automobile upon the Houston-Hempstead highway, and going in the same direction as appellants' truck, and as the sedan, and was some six hundred feet from the point of collision, when it occurred.

Appellees' evidence was that when they first noticed the truck it was about a quarter of a mile ahead of them. The sedan was going about 50 or 55 miles an hour. Mrs. Caldwell, among other things, testified:

That the sedan was going in an easterly direction toward Houston before the accident, the truck going in the same direction, loaded with pipe. The truck was going pretty fast, about like the sedan, there was no thought of passing the truck at the time. That as the truck was proceeding ahead of the sedan, and it reached the place where the accident occurred, the truck turned left across the road. When the truck made such turn it was going about as fast as the sedan. The occupants of the sedan had no idea that it was going to turn. The driver of the truck never extended his hand horizontally to signify a left turn. No kind of signal was given from the truck by flashing of the light or otherwise. Mrs. Caldwell testified that, as was her custom, she was watching the road ahead, and that when the truck started to turn, the sedan was a little over 100 feet behind it. Then Mrs. Caldwell was asked the questions which are indicated, and made the indicated answers:

"Q. What happened from the time the truck started to make the left hand turn?

A. We were practically there, of course, and the pipe came off the truck and Mr. Caldwell tried to turn to miss the pipe, but it hit the car.

"Q. Take your time and tell me everything that happened from the time the truck started turning to the left that you remember. A. We were right there and Mr. Caldwell tried to turn and go by this thing, and the pipe came off the truck and fell on the car.

 *   *   *   *   *   *

"A. The car we were riding in."

Mrs. Caldwell testified that there were six pieces of pipe loaded on the truck, (i. e., pipe which was 31 inches in diameter). That the impact occurred on the south side (right hand side) of the highway, and the sedan was still on the pavement when the impact occurred. That Mr. Caldwell swerved to the right trying to avoid the collision. That the truck was going so fast when it turned left across the highway that it threw the pipe off. Appellees' evidence shows that the road onto which the truck was seeking to turn led off into a field, and, that it was not clearly marked. The occupants had no indication that the truck was going to turn and did not think it was going to turn.

Mrs. Smith testified, among other things, that just before the accident she was looking to the right, that suddenly she felt the sedan give a jerk. She immediately looked up and saw the truck turning to the left. That she did not see the driver of the truck give any signal by hand or otherwise that he was going to make the turn.

W. O. Roberts testified among other things, that he was about 600 feet away when he saw the pipe fly off the truck. He did not see the truck make the turn, it had already made the turn and was broadside, the left side ahead of him, the pipe went off on the right side coming toward Houston. That when he proceeded to Houston past the truck and sedan his car had to get out on the right shoulder to pass the truck.

We have omitted from the foregoing statement some of the evidence which appellants consider decisive. The witness Roberts, for instance, testified that he did not see the sedan which was between him and the truck until after the accident. Appellants argue from this that, at the time of the morning, and traveling toward the east, the sun obscured the vision of the occupants of the sedan, and that the truck driver may well have given the statutory notice of his intention to turn to the left, and that the same was not seen. That in any case, mere testimony that Mrs. Caldwell and Mrs. Smith did not see any signal was no evidence that such signal was not given, particularly in view of the fact that they were on the right hand side of the sedan. Without further elaboration we hold that the evidence, viewed as a whole, and in the light most favorable to the presumed findings of the court, is sufficient to support such presumed findings, that each act of violation of the traffic laws of the State charged against appellants' truck driver in appellees' petition, was committed by him in Harris County, and were a proximate cause, This makes Subdivision 9, art. 1995, VATS, applicable. See Meyer v. Chombart, Tex. Civ.App., 176 S.W.2d 355; Trayler v. Brentzel, supra; Frnka v. Beaumont, 290 S.W. 808.

The judgment of the trial court is affirmed.