**PACIFIC FINANCE CORPORATION et al.,**
Appellants,

v.

**Martha M. RUCKER et vir, Appellees.**

No. 14385.

Court of Civil Appeals of Texas.

Houston.

June 17, 1965.

Rehearing Denied July 8, 1965.

$35,531.00 against Pacific Finance Loans, Pacific Finance Corporation and Joe Darrell Jackson. The damages resulted from injuries suffered by Mrs. Rucker on September 19, 1961, when an automobile driven by Joe Darrell Jackson, the agent of Pacific Finance Loans, collided with the automobile which she was driving. Pacific Finance Corporation was held liable on the theory of joint venture.

The charge of the court submitted issues only inquiring of the agency and scope of employment of Jackson by Pacific Finance Loans, joint venture between Pacific Finance Loans and Pacific Finance Corporation and agency and scope of employment of Jackson for the joint venture. No issues on negligence or proximate cause were submitted to the jury because Jackson judicially admitted liability. The contention of the appellants, other than Jackson, is that the court erred in overruling their exceptions to the court's charge for failure to submit such issues because the admission made by Jackson was not an admission by the two corporate defendants who had pled a general denial.

By their Second Amended Original Petition filed June 13, 1963, appellees sued the appellants and other corporations. The theory of recovery was that Jackson ran into the rear end of Mrs. Rucker's automobile while it was stationary. Specifically there were allegations of negligence in failing to keep proper lookout and proper control; in driving at an excessive rate of speed; in failing to make proper and timely application of brakes; and in failing to swerve the automobile.

Carey Williams, Houston, for appellant.

W. James Kronzer, W. W. Watkins and Bill Allen, Houston, Hill, Brown, Kronzer, Abraham, Watkins & Steely, Houston, of counsel, for appellee.

BELL, Chief Justice.

The trial court, based on a jury verdict, rendered judgment in favor of appellees for

Jackson by his amended answer filed on May 20, 1963, in answer to appellees' first amended petition, admitted the collision "was his fault and was proximately caused by his negligence" and that he was, therefore, liable for such damages as proximately resulted to appellees. He contested the amount of damages.

The two corporate appellants filed their First Amended Original Answer on July

30, 1963. They pled a general denial. All of the appellants were at all times, while they were parties to the suit, represented by the same attorneys.

During voir dire examination of the jury panel, appellants' counsel made the following statements, among others that are not here material:

"My name is Carey Williams. I *represent the defendants.* (Emphasis ours unless otherwise indicated)

"This case started out first by suit filed against Joe Darrell Jackson. *He has authorized me and I have filed a* pleading to tell you that *we make* a judicial admission this collision was *his* fault, no excuse for it. He was negligent. He is sorry, but that does not change the fact *he* is liable for it * * *."

"Sometime after the suit was filed Plaintiffs' attorney filed an amended petition in which he named seven corporate defendants.

"My question is, is there anybody on this panel that is going to be influenced * * in your decision *as to who is liable or for how much* money just because Plaintiffs' attorney has chosen a whole bunch of finance and insurance companies, *whether or not he makes a case against them.*

"The *insurance companies,* I will say this * * * *deny* they have anything to do with it. *They* deny they are liable in any way, that Joe Darrell Jackson was working for them, but they named the insurance company as a defendant.

"You going to make them prove it?

"As to the named defendants, suppose at some time they prove one is liable, I don't think he can prove it * * * suppose he did, would that make a difference in this case, just because you think one *corporate* defendant is liable."

Following these statements a member of the panel asked, "You said he was working for what company?" Counsel then proceeded to answer:

"He admitted he is personally liable for the injuries, whatever damages sustained * * *.

"Under the rules, plaintiff has the burden of making his case. *They were not there, don't have personal knowledge. They deny generally. That means to make the plaintiff proof* (sic) *any liability on any of them.*

"That is *their* position. *I represent all of them. Filed separate pleadings for the corporate defendants and Mr. Jackson. He admits it. The others will deny it."*

During trial Mr. Watkins, attorney for appellees, was reading the deposition of Jackson. The part he read dealt with the issue of course and scope of employment. Counsel for appellees then stated this:

"I believe the rest of this deposition pertains to how the accident happened. *They have admitted it was his fault.* That is all of that deposition I would offer."

This statement was unchallenged by anyone for appellants.

Later during trial, when appellants' counsel was on the witness stand being asked questions concerning the whereabouts of Jackson upon whom appellees were seeking to serve a subpoena, the following questions and answers were given:

"Q. Did you tell him (Jackson) you wanted him to be available to be here some time today?

"A. That I wanted him?

"Q. Yes.

"A. No, *he* admitted it was *his* fault. *He* doesn't know about damages as far as he is concerned. All *we are trying it on is how much* and *he* says *he* doesn't know that.

"Q. Was he on the job for Pacific Finance?

"A. Well, I guess he had been.

"Q. We are trying it on that.

"A. Yes.

"Q. That is the real contest here and the only contest when you get to it.

"MR. WILLIAMS: Object to that question. It asks for a question of law. The Court will instruct the jury on the law."

The objection was sustained.

In the argument for appellants their counsel said this:

"I didn't conceal anything. Joe Darrell Jackson hasn't concealed anything. He has answered every question asked of him; he has not tried to take the position that this accident wasn't his fault. He has admitted it was his fault. What more can a man do? What does he want? When a man comes in and says, 'Yes, sir, it was my fault, but I don't think I caused that much damage,' that's all Joe Darrell Jackson has said, and what more can he say? Is that being unreasonable, unfair, quibbling or pussy-footing? That's the first case I have ever been in where I have admitted my client was liable, and then been accused of pussy-footing. That's about as flat-footed as you can get, 'Yes, it was my fault.'"

■ We have reached the conclusion that the judicial admission was made only on behalf of Jackson, the individual defendant, and when all that was said and done is analyzed it is clear counsel was not making such admission on behalf of the corporate defendants, but to the contrary was insisting that appellees prove negligence and proximate cause as against the corporate defendants.

■ Appellees emphasize that during voir dire examination appellants' counsel stated, *"We make* the judicial admission" and that when appellees' counsel finished reading the part of Jackson's deposition he desired to offer, which included nothing on liability, he stated, "I believe the rest of this deposition pertains to how the acci-

dent happened. T*hey* have admitted it was his fault." They say this particularly shows counsel was making the admission for all of his clients. Such a conclusion is not required. The most that can be said favorable to appellees is that it results at least in equivocation. However, it seems to us, when we note the context in which counsel in voir dire said "we make" the admission, he was referring to Jackson and himself as Jackson's attorney. This construction is strengthened when the other occurrences on voir dire, which we have described, are considered because the other occurrences clearly show the corporate defendants were denying liability and were requiring proof of negligence and proximate cause. When appellees' counsel said, "They have admitted liability" he was reading the deposition of the individual defendant. The corporate defendants had a general denial on file and on voir dire had made the position clear that they were requiring appellees to prove liability, so we fail to see where appellants were under any further duty to speak and deny appellees' counsel's statement. Where another person makes an out-of-court statement against the interest of a person that such person heard such statement does not become an admission unless such person is under a duty to dispute it. We see no reason for a different rule in in-court statements, but here there was no duty to further deny. Appellees also urge that when counsel for appellants were testifying he stated, "All we are trying it on is how much and he says he doesn't know that." This statement followed questions of counsel as to whether he had told Jackson he wanted him in court and then the statement by counsel, "No, he has admitted it was his fault." Considering the entire occurrence we feel the most reasonable construction is that as far as Jackson was concerned the case was being tried on damages.

■ Of course, a judicial admission is absolutely binding on the party making it. However, the admission made by one of the parties, to be binding on the other parties,

must in some manner be adopted by such other parties. We are of the view the corporate appellants had not adopted the admission. The matter is complicated by all parties being represented by the same attorney. However, we think here counsel made relatively clear he was speaking only for Jackson.

■ If it be said that at least one reasonable construction to be put on the total of the expressions is that it was an admission by all, we still think it cannot be held to be a judicial admission binding on the other defendants because in order for it to be a judicial admission the statement must be deliberate, clear and unequivocal. Griffin v. Superior Insurance Company, 161 Tex. 195, 338 S.W.2d 415.

Appellees urge further there was no error in failing to submit such issues to the jury because appellants failed to call Jackson to testify or introduce any evidence rebutting some evidence of negligence that was introduced.

■ We fail to find in the record any evidence of probative force that can be considered against the corporate defendants that raises the issues. The only evidence alluded to by appellees is the statement by Mrs. Rucker to her doctor to the effect that she received her injuries as a result of her automobile being struck from the rear. Such was clearly hearsay and of no probative effect. Further, the mere fact that her automobile was struck from the rear does not raise an issue of negligence or establish such. Whether an automobile being struck from the rear raises an issue of negligence or establishes it as a matter of law depends on all the facts and circumstances of the particular case.

■ The failure of corporate defendants to call Jackson can be of no comfort to appellees. In the first place, while we strongly suspect that Jackson was at the time of trial an employee of appellants,

we do not think the evidence creates more than a suspicion. If we assume, however, that he was an employee, the failure to call will not supply proof of a fact. If there is evidence of probative force in the record sufficient, if believed, to establish a fact, the failure by a party to call such an employee may be considered in evaluating the existing evidence. Dunn Brothers Pipe Line Contractors v. Caldwell, 224 S.W.2d 765 (CCA), no writ hist. The failure to call certainly constitutes no judicial admission. That Jackson may have been under the control of defendants common counsel would at the most call for the application of the rule stated in the Dunn case.

The case of Bayou Drilling Company v. Baillio, 312 S.W.2d 705 (CCA), writ ref., n. r. e., does not support appellees' position here in the light of all facts here. There we merely held that where one party to the suit testified to facts entitling him to recover and such testimony was clear, unequivocal and consistent, and the corporate officers of the opposing party were shown to have had knowledge of the transaction and were present and heard such testimony and they did not testify and no other evidence contradicted the witness's testimony, the facts testified to by the party were established and an instructed verdict was proper. In such case, however, the mere failure of the corporate representatives familiar with the facts to testify did not supply proof of probative force to raise an issue.

Appellant Pacific Finance Corporation complains there was no evidence of probative force to raise the issues of joint venture with Pacific Finance Loans. Jackson was undoubtedly shown to be an employee of Pacific Finance Loans on the date of the accident. In view of the fact we are reversing and remanding the case as to these two corporate appellants, we need only say that the evidence does not raise the issue of joint venture as of the date of the collision. The testimony relating to joint venture referred to an indefinite time though obvi-

ously at a date long subsequent to the accident.

The other complaints made by the corporate appellants are of incidents that need not occur on retrial. We, therefore, do not pass on or discuss them.

■ Appellant Jackson seeks reversal because of this argument of appellees' counsel:

"Now on pain and anguish I have no magic formula for its value, nor does anyone else. I will say this, that there is not enough money in all of Texas to cause me to voluntarily assume a great deal of pain in my neck and back, even if I were assured by the Almighty that at any given moment He could wave His wand and do away with it. Certainly there would not be enough money in the entire world to cause me to bargain for a lifetime of pain."

Counsel objected that this did not state the measure of damage and was not in accord with the instructions of the court. The court stated: "The jury has the charge and will be guided thereby." The court refused to instruct the jury to disregard the remarks.

We do not think the argument was objectionable, but if it was it was of the curable type and any error was cured by the instruction of the court. Karotkin Furniture Co. v. Decker, 50 S.W.2d 795 (Com. App.).

■ While a medical witness was testifying for Mrs. Rucker he stated that on October 30, 1961, when she came to him she complained bitterly of low back pain. He added that by that time a diagnosis of pregnancy had been established. He further stated, "it was my feeling that it was more due to—as a result of this accident than it was due to pregnancy." He then stated on November 7, 1961 Mrs. Rucker was seen by him with respect to her back and Mrs. Rucker told him that Dr. Hill who was taking care of her concerning her pregnancy reassured her that her pregnancy was progressing satisfactorily and her backache had nothing to do with the pregnancy.

Appellants' counsel objected this statement of the assurance by Dr. Hill was unresponsive and hearsay. The objection was overruled. In the light of the record, this presents no reversible error.

The other complaints of Jackson could but bear on the issue of his liability and he has judicially admitted he is liable. They could in no way affect the question of damages.

It is obvious there has not been full development of the case as to Pacific Finance Corporation and Pacific Finance Loans. For the errors above pointed out, we reverse and remand the case as to them.

The judgment of the trial court against Joe Darrell Jackson is affirmed.